**FARM CREDIT SERVICES OF MID-AMERICA, an Agricultural Credit Association, Petitioner,**

v.

**DEPARTMENT OF STATE REVENUE, Respondent.**

No. 49T10–9801–TA–00005

Tax Court of Indiana.

Jan. 19, 1999.

---

Thomas C. Borders, Kevin J. Feeley, Richard A. Hanson, McDermott Will & Emery, Chicago, Illinois, Marilee J. Springer, Ice Miller Donadio & Ryan, Indianapolis, Indiana, Attorneys for Petitioner.

Jeffrey A. Modisett, Attorney General of Indiana, Indianapolis, David A. Arthur, Deputy Attorney General, Indianapolis, Attorneys for Respondent.

FISHER, J.

Farm Credit Services of Mid–America (Mid–America) appeals a final determination of the Department of State Revenue (Department) denying Mid–America a refund of Financial Institutions Tax[1] it paid for the tax years ending December 31, 1993 and December 31, 1994.

## BACKGROUND AND PROCEDURAL HISTORY

Mid–America, an Agricultural Credit Association (ACA), is part of a nationwide network, known as the Farm Credit System,[2] of cooperative, borrower-owned banks and local lending institutions that provide affordable credit to farmers and ranchers. 12 U.S.C. § 2001 (1994). The network was designed by Congress a means of providing a stable source of credit to farmers and ranchers while giving them control of the system. *Id.*

Previously, Mid–America and the Department litigated the issue of Mid–America's liability for Indiana Gross Income Tax for 1989 and Indiana Financial Institutions Tax for 1990 through 1992. *See Farm Credit Servs. v. Department of State Revenue,* 677 N.E.2d 645 (Ind. Tax Ct.1997), *review denied.* In that case, the issue was whether Mid–America was an instrumentality of the federal government for state taxation purposes. The Department conceded that if this

---

1. *See* IND CODE ANN. § 6–5.5–2–1(a) (West Supp. 1998).

2. For a detailed discussion of the history of the Farm Credit System as well as how Mid–America became an ACA, see *Farm Credit Servs. v. Department of State Revenue,* 677 N.E.2d 645, 645–46 (Ind. Tax Ct.1997), *review denied.* The Court sees no need to repeat that discussion here.

Court determined that Mid–America was a federal instrumentality, Mid–America would be immune from state taxation and therefore would be entitled to a refund of taxes erroneously paid. In *Farm Credit Services,* this Court determined that Mid–America was indeed a federal instrumentality. Because the Department conceded that this determination was dispositive of Mid–America's entitlement to a refund, this Court did not "examine the further question of the extent of the tax immunity afforded ACAs." *Id.* at 651 n. 5. This time, the Department concedes that Mid–America is a federal instrumentality, but now contends that its concession in the previous case, i.e., that the determination that Mid–America was a federal instrumentality was dispositive of Mid–America's immunity from state taxation, was erroneous.

This case arises out of Mid–America's claim for refund of Financial Institutions Tax. On March 31, 1997, Mid–America filed amended returns requesting refunds of Financial Institutions Tax that Mid–America paid for the tax years ending December 31, 1993 and December 31, 1994. On December 5, 1997, the Department issued its final determination denying Mid–America's refund claim. On January 6, 1998, Mid–America filed this original tax appeal. On August 19, 1998, the Department filed a motion for a judgment on the pleadings.[3] On October 2, 1998, Mid–America filed a motion for summary judgment. On December 8, 1998, the Court heard argument on the motions.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court reviews the final determinations of the Department de novo and is bound by neither the evidence nor the issues raised at the administrative level. *See* IND. CODE ANN. § 6–8.1–9–1(d) (West Supp.1998); *Indianapolis Fruit Co. v. Department of State Revenue,* 691 N.E.2d 1379, 1382 (Ind. Tax Ct.1998).

■ Summary judgment is only appropriate where there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. *See* IND. T.R. 56(C); *Roehl Transp., Inc. v. Department of State Revenue,* 653 N.E.2d 539, 541 (Ind. Tax Ct.1995). Summary judgment is particularly appropriate when the question is one of the application of the law to undisputed facts. *See Koufos v. Department of State Revenue,* 646 N.E.2d 733, 735 (Ind. Tax Ct.1995). Cross-motions for summary judgment do not alter this standard. *See Roehl Transp., Inc.,* 653 N.E.2d at 541.

### Discussion

Mid–America makes two arguments in support of its refund claim. First, Mid–America argues that this Court's decision in *Farm Credit Services* holding that Mid–America was immune from state taxation constitutes res judicata and therefore precludes the Department from relitigating the issue of Mid–America's immunity from state taxation. Second, Mid–America argues that its undisputed status as a federal instrumentality means that it is immune from the taxes at issue.

■ Mid–America's issue preclusion argument must fail. As this Court has stated on numerous occasions, "[E]ach tax year stands alone." *USAir, Inc. v. Department of State Revenue,* 623 N.E.2d 466, 471 (Ind. Tax Ct.1993) (quoting *Glass Wholesalers, Inc. v. State Bd. of Tax Comm'rs,* 568 N.E.2d 1116, 1124 (Ind. Tax Ct.1991)). Therefore, as a general rule, issue preclusion (particularly with respect to questions of law) is not applicable to tax cases in Indiana. As a result, the Department, notwithstanding its previous concession, is free to relitigate the issue of Mid–America's immunity from state taxation in this case.[4]

■ Mid–America's second argument was assumed to be correct in the previous litigation between the parties. In *Farm Credit*

---

**3.** Under Trial Rule 12(C), if a party refers to matters outside the pleadings in its motion for judgment on the pleadings, the motion is treated as a motion for summary judgment. Because the Department has referred to matters outside the pleadings, the Court treats the Department's motion as a motion for summary judgment.

**4.** Of course, any such relitigation must be done in good faith and not for purposes of harassment.

*Services,* 677 N.E.2d at 647, the Court stated that "[t]he parties do not dispute the time-honored rule that the federal government and its instrumentalities are immune from state and local taxation absent express waiver by Congress." In this case, the Department contends that there is no such rule and that federal instrumentalities are subject to state taxation unless Congress expressly exempts them from state taxation. The Court cannot agree.

The rule that the Supremacy Clause [5] bars state taxation of federal instrumentalities, absent congressional waiver, dates from the U.S. Supreme Court's decision in *McCulloch v. Maryland,* 17 U.S. (4 Wheat.) 316, 4 L.Ed. 579 (1819). As Mid–America notes in its brief, this holding has been followed by an unbroken line of U.S Supreme Court decisions. *See, e.g., Department of Employment v. United States,* 385 U.S. 355, 359, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966) (holding that Red Cross as a federal instrumentality is immune from state taxation); *Federal Land Bank v. Bd. of Comm'rs,* 368 U.S. 146, 149, 82 S.Ct. 282, 7 L.Ed.2d 199 (1961) ("[A] federal instrumentality is not subject to the plenary power of the States to tax."); *United States v. Allegheny County,* 322 U.S. 174, 176, 64 S.Ct. 908, 88 L.Ed. 1209 (1944) ("[S]ince 1819, when Chief Justice Marshall in the McColluch case expounded the principle that . . . instrumentalities of the Federated Government are immune from taxation by [the States], this Court has never departed from that basic doctrine or wavered in its application."); *Des Moines Nat'l Bank v. Fairweather,* 263 U.S. 103, 106, 44 S.Ct. 23, 68 L.Ed. 191 (1923) (National banks immune from state taxation, unless it is in "conformity with the terms and restrictions embodied in the *assent given by Congress* to that taxation.") (emphasis added). *See also State v. Pearson Constr. Co.,* 236 Ind. 602, 141 N.E.2d 448, 449 (1957) (stating rule of *McCulloch v. Maryland* ). Because Congress has not waived Mid–America's immunity from state taxation, under the Supremacy Clause, Indiana is without power to collect the Financial Institutions Tax from Mid–America. Accordingly, Mid–America is entitled to a refund of the taxes at issue.

The Department's arguments to the contrary do not alter this result. In its brief, the Department contends that "[i]n the absence of a clear and unequivocal [congressional] mandate," there is no immunity. (Resp't Br. at 5). This turns the rule on its head. With respect to federal instrumentalities, it is the waiver and not the immunity that must be explicit.

What leads the Department astray is its failure to understand the difference between cases where the issue is whether the federal government conferred immunity from state taxation to entities that are not federal instrumentalities and cases where the issue is whether a state may tax a federal instrumentality. For example, the Department cites *Mescalero Apache Tribe v. Jones,* 411 U.S. 145, 93 S.Ct. 1267, 36 L.Ed.2d 114 (1973), a case where the issue was whether an off-reservation Indian business was subject to state taxation. In that case, there was no argument that the off-reservation Indian business was itself a federal instrumentality. Accordingly, the question of immunity did not turn on the reach of the Supremacy Clause, but rather on congressional intent. As a result, the off-reservation Indian business was not "generally and *automatically* immune from state taxation," as it would have been had the Supremacy Clause been applicable. *Id.* at 151, 93 S.Ct. 1267 (emphasis added).

The Department also relies on statements in the U.S. Supreme Court's recent decision in *Arkansas v. Farm Credit Services,* 520 U.S. 821, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997). In that case, four Production Credit Associations (PCAs) [6] sought an injunction and a declaratory judgment in federal district court prohibiting Arkansas from levying taxes against them. They argued that their status as federal instrumentalities [7] made them immune from state taxation. The U.S. Supreme Court did not reach the merits of their claim because the Court held that the

---

5. U.S. Const. art. VI.

6. *See Farm Credit Servs.,* 677 N.E.2d at 646 (describing PCAs and their relationship to ACAs).

7. *See* 12 U.S.C. §§ 2071(b), 2077 (1994).

Tax Injunction Act[8] deprived the district court of jurisdiction, thereby barring any decision on the merits.

In that case, the Court decided that the PCAs, despite their statutory designation as federal instrumentalities, were covered by the Tax Injunction Act, thereby forcing them to resort to Arkansas state court to litigate their claim. In finding that the PCAs were covered by the Tax Injunction Act, the Court distinguished federal instrumentalities from the federal government itself. *See Farm Credit Servs.*, 117 S.Ct. at 1781–82. The federal government is not covered by the Tax Injunction Act, whereas federal instrumentalities often are. *See id.* at 1782.

This distinction, however, does not carry over to the arena of state taxation of federal instrumentalities. State taxation of federal instrumentalities implicates the Supremacy Clause, and it is difficult to see how a case interpreting the Tax Injunction Act translates into an interpretation of the Supremacy Clause. In addition, it is extremely unlikely that the Supreme Court would overrule *McCulloch v. Maryland,* a cornerstone of our constitutional law, sub silentio. Accordingly, the Department's reliance on the Supreme Court's decision in *Farm Credit Services* is misplaced.

## CONCLUSION

For the aforementioned reasons, the Court GRANTS Mid–America's motion for summary judgment and DENIES the Department's motion for summary judgment.

---

8. The Tax Injunction Act states:
   The district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such state.
   28 U.S.C. § 1341 (1994)