# STATE of Arkansas *v.* FARM CREDIT SERVICES of Central Arkansas, *et al.*

98-1518                               994 S.W.2d 453

Supreme Court of Arkansas
Opinion delivered July 1, 1999

*Martha G. Hunt*, Revenue Legal Counsel, for appellant.

*Wolff Law Firm*, by: *Rufus E. Wolff*; and *Nichols & Campbell*, by: *Mark W. Nichols*, for appellees.

R AY THORNTON, Justice.  The State of Arkansas, appellant, brings this appeal of the decision of the Pulaski County Chancery Court which found that appellees, four Production Credit Associations, are entitled to immunity from state sales and income taxation by virtue of their status as "federal instrumentalities."  Because we agree with the chancery court that absent express congressional waiver, the PCAs are entitled to immunity from state taxation, we affirm the chancellor's grant of appellees' summary-judgment motion.

Appellees, Farm Credit Services of Central Arkansas, Farm Credit Services of Western Arkansas, Eastern Arkansas Production Credit Association, and Delta Production Credit Association, are Production Credit Associations (PCAs), corporations chartered under the Farm Credit Act of 1971.  These corporate financial institutions, organized by ten or more farmers to provide loans and other banking services to farmers, are entities of the Farm Credit System, a government-sponsored enterprise created by Congress in 1916.  The Federal Farm Loan Act, Pub. L. No. 64-158; 39 Stat. 360 (1916).  In 1933, Congress established Production Credit Associations to carry out the federal purposes of pro-

viding agricultural credit to American farmers, and for a time, the government owned stock in PCAs in order to encourage and assist the PCAs. *See* H.R. Rep. No. 593, 92d Cong. 1ˢᵗ Sess. 8 (1971), Farm Credit Act of 1933, ch. 98, § 23, 48 Stat. 261.

The Farm Credit Act, Pub. L. No. 73-98; 48 Stat. 257 (1933), established twelve district federal land banks to make long-term loans to farmers through federal land bank associations. PCAs are designated by 12 U.S.C. §§ 2017 and 2077 as "federal instrumentalities." Each association is a member of the Farm Credit System, which is divided into seven districts. Arkansas is part of the seventh farm credit district, known as Agribank, and is divided into four farm credit territories. Each association is restricted to certain territories outlined in its charter, and they are limited to making agricultural-purpose loans only to farmers who are members, operating on a cooperative basis.

In 1994, appellees, the four Arkansas PCAs, requested a refund of state income and sales taxes paid within the refund limitations period, claiming that they paid the taxes in error, because their status as "federal instrumentalities" exempts them from state taxation under the constitutional doctrine of intergovernmental tax immunity. Appellant, through the Department of Finance and Administration (hereinafter "The Department,") denied their request. The PCAs brought suit in the Pulaski County Chancery Court contesting the denial of the refund.[1] Both parties moved

---

[1] The PCAs simultaneously filed suit in the United States District Court for the Eastern District of Arkansas against the State of Arkansas, seeking a declaratory judgment that they were exempt from state taxation and for an injunction against collection of future taxes. In 1995, in an unreported decision, United Stated District Judge Henry Woods granted the PCAs motion for summary judgment, finding that their statutory designation as a federal instrumentality exempts them from state taxation under the implied immunity doctrine and that states cannot tax them in the absence of a statute which clearly and affirmatively waives this implied immunity. The Department appealed to the United States Court of Appeals for the Eighth Circuit, which upheld the district court's decision. *Farm Credit Services of Central Arkansas, PCA et al. v. State of Arkansas*, 76 F.3d 961 (8ᵗʰ Cir. 1995).

The PCAs then moved for summary judgment in Pulaski County Chancery Court, on the grounds that appellant was collaterally estopped by the Eighth Circuit decision from relitigating the legal issue of the PCAs' entitlement to exemption. The Department responded with a petition for writ of *certiorari* to the United States Supreme Court, which

for summary judgment. On July 1, 1998, the trial court granted the PCAs' motion, holding that PCAs are federal instrumentalities immune from state tax unless Congress waives that immunity, that Congress has not expressly waived that immunity for PCAs, and, therefore, that their status as federal instrumentalities renders them exempt from state taxation. The judgment ordered the Department to refund state income and sales taxes to the PCAs; the total sum at issue amounts to more than $1.2 million dollars, plus ten percent interest. The Department filed this appeal, contending that the trial court erred by deciding the issue of the PCAs' exemption from state tax based upon the doctrine of intergovernmental tax immunity, as expressed and developed in *M'Culloch v. Maryland*, 17 U.S. (4 Wheat.) 316 (1819), and its progeny, rather than upon 12 U.S.C. § 2077, a statutory exemption from federal and state taxation granted by Congress. In the alternative, the Department asserts that the trial court erred in holding that federal instrumentality status, in and of itself, is sufficient to entitle PCAs, who they assert are not essential parts of government, to implied immunity under the tax-immunity doctrine. The Department does not, however, challenge the constitutionality of the federal statute on the basis that Congress lacked authority to designate PCAs as instrumentalities of the United States, but, rather, asks us to construe the statute itself and conclude that notwithstanding their designation as an "instrumentality," the PCAs are taxable.

■■ This court reviews issues of statutory construction *de novo*; it is for this court to decide what a statute means. *Arkansas Dep't. of Health v. Westark Christian Action*, 322 Ark. 440, 910 S.W.2d 199 (1995). We are not bound by the decision of the trial court. However, in the absence of a showing that the trial court erred in its interpretation of the law, that interpretation will be accepted as correct on appeal. *Bryant v. Weiss*, 335 Ark. 534, 983 S.W.2d 902 (1998). The statute at issue reads:

---

was granted. The Pulaski County Chancery Court stayed its decision pending the outcome of the Supreme Court case. The Supreme Court did not address the merits of the exemption issue but held that the federal court lacked jurisdiction under the Tax Injunction Act, 28 U.S.C. § 1341, to consider the merits when the question could be presented to a state court, and when the instrumentality was not joined by the United States as a co-plaintiff. *Arkansas v. Farm Credit Services of Central Arkansas, et al.*, 520 U.S. 821 (1997).

Each production credit association and its obligations are instrumentalities of the United States and as such any and all notes, debentures, and other such obligations issued by such associations shall be exempt, both as to principal and interest, from all taxation (except surtaxes, estate, inheritance, and gift taxes) now and hereafter imposed by the United States or by any State, Territorial, or local taxing authority, except that interest on such obligations shall be subject to Federal income taxation in the hands of the holder.

12 U.S.C. § 2077 (1989).

■ As the Supreme Court first held in *M'Culloch v. Maryland, supra,* because of the Supremacy Clause of the United States Constitution, states have no power to tax federally created instrumentalities absent congressional authorization. "[T]he states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared." *Id.* The doctrine of intergovernmental tax immunity is well understood, based upon principles of dual sovereignty. Our federal government is immune from taxation imposed by the state, unless that immunity is waived, explicitly or expressly, by a statutory waiver of that immunity. *Federal Reserve Bank of St. Louis v. Metrocentre Improvement Dist. #1,* 657 F.2d 183 (8ᵗʰ Cir. 1981)(*citing United States v. City of Adair,* 539 F.2d 1185 (8ᵗʰ Cir. 1976), *cert. denied* 429 U.S. 1121 (1977), *aff'd,* 455 U.S. 995 (1982).

■ PCAs are federal instrumentalities, clearly designated as such by federal statutes. Once it has been determined that the PCAs are federal instrumentalities, there arises an implied immunity from state and local taxation. *M'Culloch v. Maryland, supra.* In order to subject federal instrumentalities such as PCAs to state taxation, Congress must enact a clear waiver of their exemption. *Department of Employment v. United States,* 385 U.S. 355 (1966). Once federal immunity from taxation is established, Congress must express any waiver of that immunity as a "clear, express, affirmative desire." *Federal Reserve Bank of St. Louis, supra.* We note that 12 U.S.C. § 2077 does not contain an express waiver of

constitutional immunity from taxes derived from the doctrine of intergovernmental tax immunity.

■ The current statutory enactment by Congress dealing with state taxation of PCAs states that "all notes, debentures, and other obligations" of the associations are exempt from state and federal taxation. 12 U.S.C. § 2077. The Department contends that because prior versions of the statute expressly exempted their "capital, reserves, surplus, and other funds, and their income," Farm Credit Act of 1971, Pub. L. No. 92-181, § 2.17, 85 Stat. 583 (1971); Farm Credit Act of 1933, Pub. L. No. 73-75, § 63, 48 Stat. 257 (1933), and the current statutory provision no longer contains such additional immunity language, Congress has waived the PCAs' exemption. However, we do not find that argument persuasive. The current version of § 2077, with its silence on the issue, compels a holding of immunity because, where Congress is silent, the tax immunity of federal instrumentalities is implied. *See Graves v. New York ex rel. O'Keefe*, 306 U.S. 466 (1939). *See also Farm Credit Services of Mid-America v. Department of State Revenue*, 705 N.E.2d 1089 (Indiana Tax Ct. 1999)(Because Congress had not waived the Agricultural Credit Association's immunity from state taxation, under the Supremacy Clause, Indiana was without power to collect state tax from the association. "With respect to federal instrumentalities, it is the waiver and not the immunity which must be explicit.") We have examined the language of the statute, 12 U.S.C. § 2077, and hold that it does not contain an express waiver of the tax exemption conferred by the doctrine of intergovernmental tax immunity.

■ We have concluded that the decision of the Pulaski County Chancery Court in granting the PCAs' motion for summary judgment was correct and affirm the judgment in their favor for the refund of amounts paid as state income taxes and state sales taxes.

Affirmed.