PRODUCTION CREDIT ASSOCI-
ATION OF SOUTHEASTERN
MISSOURI, et al., Appellants,

v.

DIRECTOR OF REVENUE,
Respondent.

CoBank, ACB, as Successor to The
National Bank for Cooperatives,
Appellant,

v.

Director of Revenue, State of
Missouri, Respondent.

Nos. SC 81407, SC 81727.

Supreme Court of Missouri,
En Banc.

Jan. 25, 2000.

Mark W. Nichols, Nichols & Campbell, P.A., Little Rock, Ark., Stephen P. Carlton, Carthage, Mo., for appellants in cause no. SC81407.

Richard A. Hanson, Theodore H. Bots, McDermott, Will & Emery, Chicago, Ill., Juan D. Keller, John P. Barrie, B. Derek Rose, St. Louis, for Appellant in cause no. SC81727.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Evan J. Buchheim, Asst. Attys. Gen., Jefferson City, for Respondent in cause no SC81407.

Jeremiah W. (Jay) Nixon, Atty. Gen., James R. Layton, Wood Miller, Asst. Attys. Gen., Jefferson City, for Respondent in cause no. SC 81727.

STEPHEN N. LIMBAUGH, Jr., Judge.

This is a consolidated case in which several member institutions of the Farm Credit System seek review of the decisions of the Administrative Hearing Commission (AHC) upholding the Director of Revenue's (Director) assessment of corporate income tax. Appellants claim that their status as federal instrumentalities exempts them from corporate income tax unless Congress expressly consents to the tax, and that Congress has not given that consent. Because appellants challenge the constitutional validity of section 143.071, RSMo 1994, the statute imposing the tax, this Court has exclusive jurisdiction. Mo. CONST. art. V, sec. 3. The decisions of the AHC are reversed, and the cases are remanded.

Appellants in both cases – Production Credit Association of Southeast Missouri, Farm Credit Services of Western Missouri, Farm Credit Services of Eastern Missouri, and CoBank, ACB (successor in interest to National Bank for Cooperatives) – are part of the Farm Credit Sys-

tem created by Congress and chartered by the Farm Credit Administration in accordance with the Farm Credit Act of 1971. 12 U.S.C. sec.2001, *et seq.* The appellants are farmer owned, agricultural, cooperative organizations whose only business is to assist farmers in obtaining adequate and reliable credit at the lowest possible cost. They have been designated as "federally chartered instrumentalities of the United States." 12 U.S.C. sections 2071, 2141.

■ Appellants filed Missouri corporate income tax returns for the years 1991 through 1994 and paid the taxes shown on those returns. Thereafter, they filed amended returns requesting an exemption from all state taxes and refunds of the taxes erroneously paid. The Director then issued a "final decision" refusing the requests. On appeal, the AHC denied relief because it had no jurisdiction to address constitutional claims, *State Tax Comm'n v. Administrative Hearing Comm'n,* 641 S.W.2d 69, 75–76 (Mo. banc 1982), and, in particular, the validity of the corporate income tax as applied to the appellants. On appeal to this Court, the two cases have been consolidated.

■ According to the rationale first expressed in *M'Culloch v. Maryland,* 17 U.S. 316, 436–37 (4 Wheat.) (1819), the Supremacy Clause of the United States Constitution accords federal instrumentalities immunity from state taxation. *United States v. State Tax Comm'n of Miss.,* 421 U.S. 599, 605, 95 S.Ct. 1872, 44 L.Ed.2d 404 (1975); *First Agric. Nat'l Bank of Berkshire v. State Tax Comm'n,* 392 U.S. 339, 340, 88 S.Ct. 2173, 20 L.Ed.2d 1138 (1968); *Department of Employment v. United States,* 385 U.S. 355, 358, 87 S.Ct. 464, 17 L.Ed.2d 414 (1966); *United States v. Allegheny County,* 322 U.S. 174, 177, 64 S.Ct. 908, 88 L.Ed. 1209 (1944). The Supreme Court has explained, however, that Congress can waive this immunity, but only if it expressly consents to state taxation. *Allegheny County,* 322 U.S. at 177, 64 S.Ct. 908. *See also Kern–Limerick, Inc. v.*

*Scurlock,* 347 U.S. 110, 122, 74 S.Ct. 403, 98 L.Ed. 546 (1954) ("this Court cannot subject the Government or its official agencies to state taxation without a clear congressional mandate."). The Director does not dispute that appellants are federal instrumentalities or that Congress must give express authorization to state taxation. Instead, he argues that Congress' consent is clear when the current version of the Farm Credit Act, which is silent on the issue, is compared with the previous version, Farm Credit Act of 1971, Pub.L. No. 92–181, sections 2.17, 3.13, 85 stat. 583, 602, 608 (1971), which, until amended in 1985, expressly exempted member institutions from state income tax. As the Director explains, by deleting the exemption from state income tax, Congress necessarily intended to consent to the imposition of state income tax.

The Director's argument is unpersuasive. Congressional consent, under the Director's theory, is not express, but is merely implied, and the absence of express consent is sufficient under the Supreme Court precedents to rebut the Director's claim. Furthermore, because the current version of the statute is silent on the matter, Congress' position is unclear, at best. Under these circumstances, Congress cannot be said to have expressly consented to state income tax.

Accordingly, this Court holds, as have the other courts that have addressed the issue of state taxation of member institutions of the Farm Credit System, that appellants are exempt from state income taxation. *See Farm Credit Serv. of Cent. Ark. v. Arkansas,* 76 F.3d 961, 964 (8th Cir.1996), *rev'd on other grounds,* 520 U.S. 821, 117 S.Ct. 1776, 138 L.Ed.2d 34 (1997); *State v. Farm Credit Serv. of Cent. Ark.,* 338 Ark. 322, 994 S.W.2d 453, 456 (1999), *petition for cert. filed,* 68 U.S.L.W. 3401 (Sept. 28, 1999) (No. 99–993); *Farm Credit Serv. of Mid–America v. Department of State Revenue,* 705 N.E.2d 1089, 1092 (Ind. Tax Ct.1999); *Northwest La. Prod. Credit*

*Ass'n v. State*, 98 CA 1995, 1999 WL 1000995 (La.Ct.App. Nov.5, 1999).

Having determined that the appellants are exempt from state income taxes, they are entitled to refunds on the taxes paid. The decisions of the AHC upholding the imposition of state income taxes are reversed, and the cases are remanded.

All concur.