The Honorable Brent Davis, Prosecuting Attorney Second Judicial Circuit Post Office Box 491 Jonesboro, AR 72403
Dear Mr. Davis:
I am writing in response to your request for my opinion on the following question:
 Are Federal Land Banks exempt from Arkansas Personal Property Tax as to the furniture, fixtures and equipment owned by them and located within the local office?
RESPONSE
As federal instrumentalities, land banks are immune from state and local taxation pursuant to the Supremacy Clause, U.S. Const. art. VI, cl.2, unless Congress expressly waives that immunity. Although Congress has waived the tax immunity of federal land banks with respect to real property taxes, 12 U.S.C. § 2098, it has not done so with respect to personal property taxes of the sort referenced in your request.
In Director of Revenue of Missouri v. CoBank ACB, 531 U.S. 316, 318,121 S.Ct. 941 (2001), the Supreme Court provided the following summary regarding the status of federal land banks, inter alia:
 In the Farm Credit Act of 1933, 48 Sat. 257, as amended, 12 U.S.C. § 2001 et seq., Congress created various lending institutions within the Farm Credit System to meet the specific credit needs of farms. . . . Today, the Farm Credit System includes banks for cooperatives, production credit associations, farm credit banks, and federal land bank associations. § 2002(a). By statute, each of these institutions is designated as a "federally chartered instrumentalit[y] of the United States." . . . §§ 2091(a) and (b)(4) (federal land bank associations). The Farm Credit Act also addresses the taxation of these institutions.
As noted in Farm Credit Services of Central Arkansas v. State,76 F.3d 961, 965 (8th Cir. 1996), rev'd on other grounds Arkansas v. FarmCredit Services of Central Arkansas, 520 U.S. 821 (1997):
 The Farm Credit System is a nationwide network of borrower-owned cooperative lending institutions intended to serve the unique credit needs of the agricultural sector. See H.R. Rep. No. 425, 99th Cong., 1st Sess. 5 (1985), reprinted in 1985 U.S.C.C.A.N. 2587, 2591. The System began in 1916, when the Federal Farm Loan Act authorized the creation of twelve regional Federal Land Banks ("FLBs"). Pub.L. No. 64-158, Section(s) 4, 39 Stat. 360, 362 (1916). FLBs were to be partially owned and funded by the Federal government. Both the banks themselves, and their debt obligations, were given a broad statutory exemption from state and local taxes, except real property taxes. . . .
(Lonoke, J., dissenting).
The federal statute relating to the taxation of federal land banks is set forth at 12 U.S.C. § 2098, which provides in pertinent part:
 Each federal land bank association and the capital, reserves, and surplus thereof, and the income derived therefrom, shall be exempt from Federal, State, municipal, and local taxation, except taxes on real estate held by a Federal land bank association to the same extent, according to its value, as other similar property held by other persons is taxed.
In State v. Farm Credit Services of Central Arkansas, 338 Ark. 322, 326,994 S.W.2d 453 (1999), cert. denied 529 U.S. 1036 (2000), the Arkansas Supreme Court offered the following regarding the ability of a state or local entity to tax a federal instrumentality:
 As the Supreme Court first held in M'Culloch v. Maryland, supra,[1]
because of the Supremacy Clause of the United States Constitution, states have no power to tax federally created instrumentalities absent congressional authorization. "[T]he states have no power, by taxation or otherwise, to retard, impede, burden, or in any manner control, the operations of the constitutional laws enacted by Congress to carry into execution the powers vested in the general government. This is, we think, the unavoidable consequence of that supremacy which the constitution has declared." Id. The doctrine of intergovernmental tax immunity is well understood, based upon principles of dual sovereignty. Our federal government is immune from taxation imposed by the state, unless that immunity is waived, explicitly or expressly, by a statutory waiver of that immunity. Federal Reserve Bank of St. Louis v. Metrocentre Improvement Dist. #1, 657 F.2d 183 (8th Cir. 1981) (citing United States v. City of Adair, 539 F.2d 1185 (8th Cir. 1976), cert. denied 429 U.S. 1121 (1977), aff'd, 455 U.S. 995 (1982).
 . . . In order to subject federal instrumentalities . . . to state taxation, Congress must enact a clear waiver of their exemption. Department of Employment v. United States, 385 U.S. 355 (1966). Once federal immunity from taxation is established, Congress must express any waiver of that immunity as a "clear, express, affirmative desire." Federal Reserve Bank of St. Louis, supra.
It is apparent on the face of 12 U.S.C. § 2098 that the federal government has waived its immunity from state and local taxation of federal land banks only with respect to real property taxes. Nothing in the statute suggests that Congress intended to extend that waiver to personal property taxes. In response to your question, then, I believe federal land banks are clearly exempt from personal property tax on "furniture, fixtures and equipment owned by them and located within the local office."
Assistant Attorney General Jack Druff prepared the foregoing, which I hereby approve.
Sincerely,
J. LEON JOHNSON Attorney General
JLJ:JD/cyh
[1] 17 U.S. (4 Wheat.) 316 (1819).