984 So.2d 795 (2008)
Linda G. SCHULINGKAMP
v.
Daverius Carlos CARTER, John Doe and XYZ Insurance Company.
No. 2007 CA 1372.
Court of Appeal of Louisiana, First Circuit.
February 20, 2008.
Rehearing Denied April 3, 2008.
*796 Jason R. Anders, Stephen P. Schott, New Orleans, LA, for Defendant/Appellant Regions Bank.
Christian A. Shofstahl, Stephen C. Aertker, Jr., Thomas H. Huval, Covington, LA, for Plaintiff/Appellee Linda G. Schulingkamp.
Before WHIPPLE, GUIDRY, and HUGHES, JJ.
HUGHES, J.
This is an appeal of a judgment granting a motion for summary judgment filed by plaintiff, Linda Schulingkamp.[1] The judgment found in favor of Linda Schulingkamp and against Regions Bank in the amount of $182,750.63, plus interest from the date of judicial demand against the codefendant, Daverius Carlos Carter. For the following reasons, we affirm.

FACTS AND PROCEDURAL HISTORY
In June of 1999 Ms. Schulingkamp filed a petition for damages against Daverius Carlos Carter, John Doe, and XYZ Insurance Company alleging, in pertinent part, that on June 17, 1998, Ms. Schulingkamp *797 gave Carter a check made payable to her from the Bank of Alabama in the amount of $182,750.63, which amount represented the proceeds from the refinance of her beach home. The petition further alleged that Mr. Carter later wrongfully endorsed the check and "utilized the monies for his own purposes." The record further evidences that Ms. Schulingkamp had difficulty locating and/or serving Mr. Carter even after the appointment of a special process server. On July 2, 2002, Ms. Schulingkamp filed a supplemental and amending petition in which she added Regions Bank as a defendant. In that petition, she alleged that the Bank of Alabama check was signed by her and restrictively endorsed "For Deposit Only" and that she had given Mr. Carter the check for the sole purpose of depositing it into her personal account at Hibernia Bank. She further alleged that Mr. Carter presented the restrictively endorsed instrument to his bank, Regions Bank, where Ms. Schulingkamp did not have an account, to be deposited into his personal account instead. She alleged that Regions is liable because it failed to comply with the restrictive endorsement. On December 9, 2002, Regions Bank filed its answer to the petitions. In its answer, Regions admitted that the Bank of Alabama check was payable to the order of Linda G. Schulingkamp and that Linda G. Schulingkamp had signed and endorsed the check. Regions Bank denied, however, that the "For Deposit Only" endorsement was "restrictive."
On March 28, 2006, Regions Bank filed a motion for summary judgment. The motion was denied by judgment dated June 6, 2006. From that judgment Regions filed a writ application with both this court and the supreme court. Both requests were denied.
On August 30, 2006, Ms. Schulingkamp filed a motion for summary judgment, which was granted. A written judgment holding Regions Bank liable for the full amount of the check, plus judicial interest from the date of judicial demand and court costs, was signed on March 29, 2007. On March 30, 2007, a per curiam issued that stated that Regions was liable for judicial interest from the date of the original demand upon Carter.
Regions appeals and makes the following assignments of error:
1) The trial court erred by holding Regions Bank solidarity liable with Daverius Carter;
2) The trial court erred by failing to apply comparative fault principles to plaintiff's claim of conversion;
3) The trial court erred by awarding interest from the date of judicial demand on Carter;
4) The trial court erred by relying on "authentic evidence" of Carter's knowledge when no such evidence was introduced and when Carter's knowledge remains an unresolved genuine issue of material fact; and
5) The trial court erred by granting plaintiff's motion for summary judgment on her claim of conversion.

LAW AND ARGUMENT
Appellate courts review summary judgments de novo under the same criteria that govern the district court's consideration of whether summary judgment is appropriate. Allen v. State ex rel. Ernest N. Morial  New Orleans Exhibition Hall Authority, XXXX-XXXX, p. 5 (La.4/9/03), 842 So.2d 373, 377; Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342, 345 (La.1991). In ruling on a motion for summary judgment, the judge's role is not to evaluate the weight of the evidence or to determine the truth of the matter, but instead to determine whether there is a genuine issue of triable *798 fact. All doubts should be resolved in the non-moving party's favor. Hines v. Garrett, XXXX-XXXX, p. 1 (La.6/25/04), 876 So.2d 764, 765 (per curiam).
Because it is the applicable substantive law that determines materiality, whether a particular fact in dispute is material can be seen only in light of the substantive law applicable to the case. Richard v. Hall, XXXX-XXXX, p. 5 (La.4/23/04), 874 So.2d 131, 137; Dyess v. American National Property and Casualty Company, XXXX-XXXX, p. 4 (La.App. 1 Cir. 6/25/04), 886 So.2d 448, 451, writ denied, XXXX-XXXX (La.10/29/04), 885 So.2d 592; Cressionnie v. Intrepid, Inc., XXXX-XXXX at p. 3, (La.App. 1 Cir. 5/14/04), 879 So.2d 736, 738-9.
After a thorough review of the record before us, we note that the material facts of this case are not in dispute. The real issue before us is whether the trial court correctly interpreted and applied the law.
Appellate review of questions of law is simply review of whether the trial court was legally correct or legally incorrect. City of Baker School Board v. East Baton Rouge Parish School Board, 99-2505, p. 2 (La.App. 1 Cir. 2/18/00), 754 So.2d 291, 292. On legal issues, the appellate court gives no weight to the findings of the trial court, but exercises its constitutional duty to review questions of law and renders judgment on the record. Northwest Louisiana Production Credit Association v. State, Department of Revenue and Taxation, 98-1995, p. 3 (La.App. 1 Cir. 11/5/99), 746 So.2d 280, 282.

CONVERSION UNDER THE COMMERCIAL LAWS
Region's assigns error in the trial court's granting of plaintiffs motion for summary judgment on the claim of conversion and its failure to apply comparative fault principles, pursuant to LSA-C.C. art. 2323. The conversion claim at issue, however, is governed by Louisiana's Commercial Laws (LSA-R.S. 10:1-101, et seq.), which are based on the articles of the Uniform Commercial Code and designed to promote uniformity of the law in commercial transactions. LSA-R.S. 10:1-103(a)(3). Specifically, "[p]rovisions of the code should be construed so that rights and liabilities of the parties, absent serious factual dispute, are ascertainable without resort to expensive and delaying litigation over each item which might be paid on an unauthorized signature or endorsement, thereby facilitating commercial transactions." Pargas, Inc. v. Taylor's Estate, 416 So.2d 1358, 1364-1365 (La.App. 3 Cir. 1982).
Under the Commercial Laws, Louisiana Revised Statute 10:3-420 defines conversion as follows:
(a) An instrument is converted when
* * *
(iii) it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment.
* * *
(c) In an action under Subsection (a), the measure of liability is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument.
Further, LSA-R.S. 10:3-206(c) provides that if an instrument bears an endorsement:
(ii) in blank or to a particular bank using the words "for deposit," "for collection," *799 or other words indicating a purpose of having the instrument collected by a bank for the indorser or for a particular account, the following rules apply:
* * *
A depositary bank that purchases the instrument or takes it for collection when so indorsed converts the instrument unless the amount paid by the bank with respect to the instrument is received by the indorser or applied consistently with the indorsement. (emphasis added.)
There is no dispute that the check was signed by Linda G. Schulingkamp and endorsed with the words "For Deposit Only." Neither does Regions Bank dispute that even though Ms. Schulingkamp was the only payee, that she had signed and endorsed the check "For Deposit Only", and that she did not have an account at Regions, it nevertheless accepted the check for deposit into Daverius Carter's account, thereby making payment to Carter, a person not entitled to receive payment. This action was inconsistent with the endorsement. As such, pursuant to LSA-R.S. 10:3-420(c), Regions is liable for the conversion in the amount payable on the instrument.

SOLIDARY LIABILITY AND JUDICIAL INTEREST
Regions also assigns error to the trial court's finding of solidary liability. Specifically, Regions argues that it should not be liable for judicial interest from the date of demand upon Carter, but only from the date of demand upon it by Ms. Schulingkamp.
Louisiana Revised Statute 10:1-103(b) states that "[u]nless displaced by the particular provisions of this Title, the other laws of Louisiana supplement its provisions." And according to the Comment to LSA-R.S. 10:1-103, the purpose of this provision is to make clear that if a situation is not explicitly covered by the UCC provisions, the other laws of Louisiana apply without limitation. Wisner Elevator Company, Inc. v. Richland State Bank, 37,764 (La.App. 2 Cir. 12/12/03), 862 So.2d 1112, 1118.
Because we find no provision under the Commercial Laws that directly addresses or expressly imposes solidary liability on a depository bank for conversion, we will apply "the other laws of Louisiana."
The purpose of solidary liability is to compel any tortfeasor to pay the entire judgment. Ross v. Conoco, Inc., 02-0299 (La. 10/15/02), 828 So.2d 546, 552. Although a solidary obligation may derive from different sources as to each of the obligors, LSA-C.C. art. 1797, the obligation is solidary among debtors when they are obliged to the same thing, so that each may be compelled for the whole, and when payment by one exonerates the other toward the creditor. Rizer v. American Sur. & Fid. Ins. Co., 95-1200 (La.3/8/96), 669 So.2d 387, 389.
We find that Regions and Carter are obliged to pay the whole of the same thing: the funds lost by Ms. Schulingkamp due to the conversion. Thus, although their liabilities derive from different sources, because each may be compelled for the whole and payment by one exonerates the other toward Ms. Schulingkamp, they are solidarity liable together for their separate acts of conversion.[2]
*800 And further, the case of Burton v. Foret, 498 So.2d 706, 712 (La.1986), makes clear that "[w]here defendants are solidarity liable, they are jointly and severally liable for the entire debt, which would include interest from the date on which plaintiff made judicial demand on the first of [those] parties." Burton v. Foret, 498 So.2d at 712. We are therefore constrained to hold that Regions is liable for the entire debt, including judicial interest from the date of judicial demand upon Carter. These assignments of error, therefore, lack merit.

EVIDENTIARY CLAIMS
And finally, Regions alleges that the trial court erred in granting summary judgment because there was no evidence introduced to establish Carter's knowledge or intent, and therefore genuine issues of material fact remain. Although Regions summarily argues that Carter's absence precludes summary judgment, it does not indicate on what basis its statutorily imposed liability would be spared. It is ultimately irrelevant whether Mr. Carter would claim to have acted inadvertently or intentionally. The conversion occurred and Regions and Carter are both liable. This assignment of error lacks merit.

CONCLUSION
The judgment of the trial court is affirmed. All costs of this appeal are assessed to appellant, Regions Bank.
AFFIRMED.
WHIPPLE, J., concurs for reasons assigned.
WHIPPLE J., concurring.
Although I agree with the majority that the application of the principles of the U.C.C. to the undisputed facts herein produces a harsh result, I am unable to find any legal authority to require or allow Regions to escape liability vis-a-vis its contractual obligation to plaintiff under the U.C.C.
However, I write separately to specially note that by our ruling this date, we expressly pretermit (and thereby reserve) the right to Regions to pursue any claims it may have against Carter or any other offending parties herein.
WHIPPLE, J., concurs, for reasons assigned.
NOTES
[1] Regions Bank filed a writ application seeking review of the trial court's judgment granting plaintiff's motion for summary judgment. Because Regions Bank also appealed that same judgment, on June 26, 2007, this court rendered an interim order referring the writ application to the same panel to whom the appeal was ultimately assigned. See 2007 CW 0846 (La.App. 1 Cir. 6/26/07) (unpublished writ action.)
[2] This issue of the bank's right of contribution against Mr. Carter, pursuant to LSA-C.C. art. 1804 and LSA-C.C. art. 1805, is not before us.