## DIRECTOR OF REVENUE OF MISSOURI *v.* COBANK ACB, AS SUCCESSOR TO THE NATIONAL BANK FOR COOPERATIVES

No. 99–1792.   Argued November 28, 2000—Decided February 20, 2001

THOMAS, J., delivered the opinion for a unanimous Court.

*James R. Layton,* State Solicitor of Missouri, argued the cause for petitioner. With him on the briefs were *Jeremiah W. (Jay) Nixon,* Attorney General of Missouri, and *Gail Vasterling* and *David Lieber,* Assistant Attorneys General.

*David C. Frederick* argued the cause for the United States as *amicus curiae* urging reversal. With him on the brief were *Solicitor General Waxman, Acting Assistant Attorney General Junghans, Deputy Solicitor General Wallace, David English Carmack,* and *Donald B. Tobin.*

*Richard A. Hanson* argued the cause for respondent. With him on the brief was *Theodore R. Bots.**

*Briefs of *amici curiae* urging reversal were filed for the State of Ohio et al. by *Betty D. Montgomery,* Attorney General of Ohio, *Edward B. Foley,* State Solicitor, and *Robert C. Maier,* Assistant Solicitor, and by the Attorneys General for their respective States as follows: *Bruce M. Botelho* of Alaska, *Janet Napolitano* of Arizona, *Robert A. Butterworth* of Florida, *Thurbert E. Baker* of Georgia, *Earl I. Anzai* of Hawaii, *James E. Ryan* of Illinois, *Karen M. Freeman-Wilson* of Indiana, *Richard P. Ieyoub* of Louisiana, *J. Joseph Curran, Jr.,* of Maryland, *Jennifer M. Granholm* of Michigan, *Mike Moore* of Mississippi, *Joseph P. Mazurek* of Montana, *Don Stenberg* of Nebraska, *Philip T. McLaughlin* of New Hampshire, *Eliot Spitzer* of New York, *Heidi Heitkamp* of North Dakota, *W. A. Drew Edmondson* of Oklahoma, *Hardy Myers* of Oregon, *Mark Barnett* of South Dakota, *William H. Sorrell* of Vermont, and *Christine O. Gregoire* of Washington; for the American Bankers Association by *John J. Gill III,*

JUSTICE THOMAS delivered the opinion of the Court.

In this case we are asked to decide whether the National Bank for Cooperatives, which Congress has designated as a federally chartered instrumentality of the United States, is exempt from state income taxation. We hold that it is not.

I

In the Farm Credit Act of 1933, 48 Stat. 257, as amended, 12 U. S. C. § 2001 *et seq.*, Congress created various lending institutions within the Farm Credit System to meet the specific credit needs of farmers. Among these institutions were banks for cooperatives, one in each of 12 farm credit districts, and a Central Bank for Cooperatives. These banks were designed to make loans to cooperative associations engaged in marketing farm products, purchasing farm supplies, or furnishing farm services.

Today, the Farm Credit System includes banks for cooperatives, production credit associations, farm credit banks, and federal land bank associations. § 2002(a). By statute, each of these institutions is designated as a "federally chartered instrumentalit[y] of the United States." § 2121 (banks for cooperatives and Central Bank for Cooperatives); § 2141 (National Bank for Cooperatives); §§ 2071(a) and (b)(7) (production credit associations); § 2011(a) (farm credit banks); §§ 2091(a) and (b)(4) (federal land bank associations). The Farm Credit Act also addresses the taxation of these institutions. The provision applicable to a bank for cooperatives, the institution at issue in this case, states:

> "Each bank for cooperatives and its obligations are instrumentalities of the United States and as such any and all notes, debentures, and other obligations issued by such bank shall be exempt, both as to principal and interest from all taxation (except surtaxes, estate, inher-

*Michael F. Crotty*, and *Mark R. Baran;* and for the Multistate Tax Commission by *Paull Mines* and *Frank D. Katz.*

itance, and gift taxes) now or hereafter imposed by the United States or any State, territorial, or local taxing authority, except that interest on such obligations shall be subject to Federal income taxation in the hands of the holder." § 2134.

Respondent CoBank ACB is the successor to all rights and obligations of the National Bank for Cooperatives, which had been formed in 1989 through the consolidation of 10 district banks for cooperatives and the Central Bank for Cooperatives.[1] The National Bank for Cooperatives filed Missouri corporate income tax returns for the years 1991 through 1994 and paid the taxes shown on those returns. In March 1996, CoBank filed amended returns on behalf of the National Bank for Cooperatives, requesting an exemption from all state income taxes and refunds on the taxes paid—errone-ously, it alleged—for 1991 through 1994. Relying on the doctrine of implied tax immunity that originated in *McCul-loch* v. *Maryland*, 4 Wheat. 316 (1819), CoBank asserted that the Supremacy Clause of the Constitution accords federal instrumentalities immunity from state taxation unless Con-gress has expressly waived this immunity. CoBank argued that, because the current version of the Farm Credit Act does not expressly waive this immunity, banks for coopera-tives are exempt from Missouri's corporate income tax. The Director of Revenue of Missouri denied the request.

On appeal, the Administrative Hearing Commission upheld the Director of Revenue's assessment of corporate income tax, because the National Bank for Cooperatives had not es-tablished that it was a federal instrumentality statutorily exempt from state taxation of its income. The commission determined that Congress did not provide expressly that

---

[1] CoBank is an "agricultural credit bank," which the Farm Credit Administration recognizes as having the combined authority of a bank for cooperatives and a farm credit bank. See 12 CFR §§ 618.8005(c), 619.9020 (2000).

banks for cooperatives, in contrast to farm credit banks and federal land bank associations, would have immunity from state income taxation. The commission reasoned that had Congress intended to confer upon banks for cooperatives the same immunity that was provided to farm credit banks and federal land bank associations, it would have done so expressly. For jurisdictional reasons, the commission did not decide CoBank's constitutional claim.

The Missouri Supreme Court reversed the commission's decision and held that banks for cooperatives are exempt from state income taxation.[2] *Production Credit Assn. of Southeastern Mo. v. Director of Revenue,* 10 S. W. 3d 142, 143 (2000). The Missouri Supreme Court held that the Supremacy Clause of the Constitution provides federal instrumentalities immunity from state taxation unless Congress has expressly waived this immunity. According to the Missouri Supreme Court, because the current version of the Farm Credit Act is silent as to such institutions' immunity from state taxation, Congress cannot be said to have expressly consented to state income taxation and, thus, the institutions are exempt from state income taxes. The Missouri, Supreme Court noted that other courts that had addressed the issue of state taxation of member institutions of the Farm Credit System also had concluded that the States could not tax such institutions. *Id.,* at 143–144 (citing *Farm Credit Servs. of Central Ark., PCA v. Arkansas,* 76 F. 3d 961, 964 (CA8 1996), rev'd on other grounds, 520 U. S. 821 (1997); *State v. Farm Credit Servs. of Central Ark.,* 338 Ark. 322, 327, 994 S. W. 2d 453, 456 (1999), cert. denied, 529 U. S. 1036 (2000); *Northwest La. Production Credit Assn. v. State,* 98–1995 (La. App. 11/5/99), 746 So. 2d 280).

The New Mexico Court of Appeals and the Indiana Supreme Court have reached the opposite conclusion with

---

[2] In this consolidated appeal, the Missouri Supreme Court also addressed the taxation of production credit associations and held that such institutions are exempt from state taxation.

respect to state taxation of production credit associations. See *Production Credit Assn. of Eastern N. M.* v. *Taxation and Revenue Dept.*, 2000 NMCA–021 ¶ 26, 999 P. 2d 1031, 1038, cert. denied, 128 N. M. 688, 997 P. 2d 820 (2000); *Indiana Dept. of State Revenue* v. *Farm Credit Servs. of Mid-America, ACA*, 734 N. E. 2d 551, 560 (Ind. 2000). Since the statutory history and provisions regarding the taxation of production credit associations and banks for cooperatives are virtually identical, compare 12 U. S. C. § 2077 with § 2134; compare Farm Credit Act of 1971, § 2.17, 85 Stat. 602, with § 3.13, 85 Stat. 608; compare Farm Credit Amendments Act of 1985, § 205(d)(16), 99 Stat. 1705, with § 205(e)(10), 99 Stat. 1705,[3] we granted certiorari to resolve this conflict. 530 U. S. 1260 (2000).

## II

Congress has expressly designated banks for cooperatives as "instrumentalities of the United States." 12 U. S. C. § 2121. We have held, in addressing state taxation of contractors conducting business with the United States, that an instrumentality is entitled to implied tax immunity only when it is "so closely connected to the Government that the two cannot realistically be viewed as separate entities." *United States* v. *New Mexico*, 455 U. S. 720, 735 (1982). Relying on *New Mexico*, the Director of Revenue argues that banks for cooperatives are not "so closely connected" to the United States as to be indistinguishable from the United States, and that banks for cooperatives thus are not entitled to immunity from state taxation. CoBank disagrees with this characterization and asks us to conclude that banks for cooperatives are indeed virtual arms of the United States, worthy of implied tax immunity under *McCulloch*.

We need not, however, reach this implied immunity question. Implied immunity becomes an issue only when Congress has failed to indicate whether an instrumentality is

---

[3] See also Farm Credit Act of 1933, § 63, 48 Stat. 267.

subject to state taxation.  In this case, Congress has pro-
vided that banks for cooperatives are subject to state taxa-
tion.   To be sure, Congress did not include an express state-
ment in the current version of § 2134.   However, nothing
in the statute indicates a repeal of the previous express
approval of state taxation, and the structure of the Farm
Credit Act indicates by negative implication that banks for
cooperatives are not entitled to immunity.

## A

Upon their creation in 1933, banks for cooperatives were
subject to state income taxation except during periods when
the United States held stock in the banks.   Farm Credit Act
of 1933, § 63, 48 Stat. 267 ("Such banks, . . . and their income,
shall be exempt from all taxation now or hereafter imposed
by the United States or by any State, Territorial, or local
taxing authority . . . .   The exemption provided herein shall
not apply . . . with respect to . . . any . . . Bank for Coopera-
tives, or its property or income after the stock held in it by
the United States has been retired").   Under this statute, as
soon as governmental investment in a bank for cooperatives
was repaid (as it was for all such banks by 1968), the bank
had to pay state income taxes because the exemption from
such taxation no longer applied.

When Congress amended the Farm Credit Act in 1971, it
did not change the rule that banks for cooperatives are sub-
ject to state taxation unless the United States holds stock in
the banks.   Farm Credit Act of 1971, § 3.13, 85 Stat. 608.
Although all banks for cooperatives were at the time pri-
vately owned, Congress provided that the Governor of the
Farm Credit Administration had the authority on behalf of
the United States to purchase stock in banks for cooperatives
"as a temporary investment in the stock of the institution to
help one or several of the banks . . . to meet emergency credit
needs of borrowers."   § 4.0, 85 Stat. 609.   The 1971 version
of § 2134 therefore provided, in relevant part:

"Such banks . . . and their income shall be exempt from all taxation now or hereafter imposed by the United States or by any State, territorial, or local taxing authority . . . . The exemption provided in the preceding sentence shall apply only for any year or part thereof in which stock in the bank for cooperatives is held by the Governor of the Farm Credit Administration." § 3.13, 85 Stat. 608–609.

In 1985, Congress enacted various amendments to the Act. Among other things, these amendments eliminated the position of Governor of the Farm Credit Administration, discontinued the Farm Credit Administration's authority to own stock in banks for cooperatives, and included numerous "Technical and Conforming Amendments." Farm Credit Amendments Act of 1985, § 201, 99 Stat. 1688; § 101, 99 Stat. 1678; § 205, 99 Stat. 1703–1707. One of these technical and conforming amendments was the deletion of the two sentences within § 2134 that, first, exempted a bank for cooperatives from state taxation and, second, limited that exemption to periods when the Governor held stock in the bank. § 205(e)(10), 99 Stat. 1705, as amended, 12 U. S. C. § 2134.

CoBank argues that the deletion of these two sentences altered the States' ability to tax the income of banks for cooperatives. According to CoBank, because the deletion eliminated the express statutory authorization for such taxation, Congress intended banks for cooperatives to be immune from state taxation under *McCulloch*'s implied immunity doctrine. We do not share CoBank's interpretation as to the effect of this amendment, because there is no indication that Congress intended to change the taxation of banks for cooperatives with the 1985 amendments. Since 1933, the States could collect revenue from banks for cooperatives. Nothing in the 1985 amendments expressly changes this. And, it would be surprising, indeed, if Congress had eliminated this important fact *sub silentio*.

CoBank's interpretation would mean that Congress made a radical—but entirely implicit—change in the taxation of banks for cooperatives with the 1985 amendment to § 2134. The amendment to § 2134 was merely one of numerous "technical and conforming amendments" to the Farm Credit Act. Farm Credit Amendments Act of 1985, § 205, 99 Stat. 1703–1707 (section entitled "Technical and Conforming Amendments"). In fact, the deletion of the sentence within § 2134 referring to the Governor was one of more than 30 deletions of references to the Governor, a position eliminated by the 1985 amendments to the Act. *Ibid.* The more logical interpretation of this amendment to § 2134 is that Congress merely deleted language that had become superfluous once the United States no longer owned, and no longer could own, stock in banks for cooperatives. This explanation accords with the more than 50-year history of the Farm Credit Act, permitting the States to tax banks for cooperatives except when there was governmental investment in the banks. Had Congress simply deleted the final sentence of § 2134 that limited the exemption while retaining the sentence granting the exemption, we would have no trouble concluding that Congress had eliminated the States' ability to tax banks for cooperatives. Short of this act, however, we find Congress' silence insufficient to disrupt the 50-year history of state taxation of banks for cooperatives.

### B

In addition, the structure of the Farm Credit Act confirms that banks for cooperatives are subject to state taxation. With respect to each lending institution in the Farm Credit System, the Act contains a taxation provision that specifically delineates the immunity from taxation enjoyed by that entity. For example, farm credit banks and federal land bank associations receive the type of immunity from state taxation that the Missouri Supreme Court held to be implied here for banks for cooperatives. See 12 U. S. C. § 2023 ("The

Farm Credit Banks and the capital, reserves, and surplus thereof, and the income derived therefrom, shall be exempt from Federal, State, municipal, and local taxation . . ."); § 2098 ("Each Federal land bank association and the capital, reserves, and surplus thereof, and the income derived therefrom, shall be exempt from Federal, State, municipal, and local taxation . . .").

By contrast, since their creation in 1933, banks for cooperatives have been granted only limited exemptions from taxation. Had Congress intended to confer upon banks for cooperatives the more comprehensive exemption from taxation that it had provided to farm credit banks and federal land bank associations, it would have done so expressly as it had done elsewhere in the Farm Credit Act. Thus, in light of the structure of the Farm Credit Act—and the explicit grant of immunity to other institutions within the Farm Credit System—Congress' silence with respect to banks for cooperatives indicates that banks for cooperatives are subject to state taxation.

\* \* \*

The judgment of the Missouri Supreme Court is reversed, and the case is remanded for further proceedings not inconsistent with this opinion.

*It is so ordered.*