[This decision has been published in *Ohio Official Reports* at 91 Ohio St.3d 564.]

FARM CREDIT SERVICES OF MID-AMERICA, APPELLANT AND CROSS-APPELLEE, *v.* TRACY [ZAINO], TAX COMMR., APPELLEE AND CROSS-APPELLANT.

[Cite as *Farm Credit Serv. of Mid-America v. Zaino*, 2001-Ohio-113.]

*Taxation—Franchise tax—Agricultural credit association that is the product of the merger of several federal land banks and a production credit association is not exempt from Ohio franchise tax.*

(No. 00-505—Submitted March 14, 2001—Decided June 6, 2001.)

APPEAL and CROSS-APPEAL from the Board of Tax Appeals, Nos. 97-T-889 and 98-T-333.

_____

*Per Curiam.*

{¶ 1} On March 31, 1989, the Federal Land Bank Association of the Fourth District, Louisville, Kentucky, the Production Credit Association of the Fourth District, Louisville, Kentucky, the Federal Land Bank Association of Bellefontaine, Ohio, and the Federal Land Bank Association of Minerva in Warren, Ohio, merged to form appellant and cross-appellee Farm Credit Services of Mid-America, an Agricultural Credit Association, appellant, with headquarters in Louisville, Kentucky. Farm Credit Services took over the long-term loans of the merged federal land bank associations and the short-term and intermediate-term loans of the merged production credit association.

{¶ 2} The stock issued by the merging entities converted to stock representing ownership in Farm Credit Services. Farm Credit Services may issue further stock to investors and borrowers; borrowers must be farmers, ranchers, and producers or harvesters of aquatic products. Federal land bank associations and production credit associations have received federal instrumentality designation

under federal statute. Sections 2091 and 2077, Title 12, U.S.Code. Farm Credit Services, an agricultural credit association, received designation as a federally chartered instrumentality from the Farm Credit Administration, a federal agency.

{¶ 3} Farm Credit Services paid Ohio franchise tax for tax years 1990 through 1996. It applied for a refund for tax years 1990 through 1993, totaling $2,060,332, with the Tax Commissioner, appellee and cross-appellant, claiming immunity from state taxation under the federal Supremacy Clause. It also applied for refunds for tax years 1994 through 1996, totaling $2,733,340, by separate applications that presented the same claim. The commissioner dismissed the refund claim for tax year 1994 as untimely filed and denied the remaining refund applications. On appeal, the Board of Tax Appeals, finding that it had no jurisdiction to interpret and apply the federal Supremacy Clause, affirmed the commissioner's order.

{¶ 4} This cause is now before the court upon an appeal and cross-appeal as of right.

{¶ 5} Less than ten years ago, in *NLO, Inc. v. Limbach* (1993), 66 Ohio St.3d 389, 394, 613 N.E.2d 193, 197, we observed, "the federal Supremacy Clause, Clause 2, Article VI, United States Constitution, prevents the state from taxing the federal government and its instrumentalities." This year, in *Dir. of Revenue of Missouri v. CoBank ACB* (2001), 531 U.S. 316, 121 S.Ct. 941, 148 L.Ed.2d 830, the United States Supreme Court reviewed the Supremacy Clause in a context similar to the instant case.

{¶ 6} In *CoBank*, the court identified two types of immunity under the Supremacy Clause—explicit immunity, where Congress has expressly stated that a federal instrumentality is not subject to a state tax, and implied immunity, where Congress has not set forth any such immunity. In *CoBank*, the court held that the income of a bank for cooperatives, which has a tax status similar to production credit associations, one of the merging entities in this case, was taxable. This was

so, according to the court, because "Congress has provided that banks for cooperatives are subject to state taxation." *Id*., 531 U.S. at ___, 121 S.Ct. at 944, 148 L.Ed.2d at 835.

{¶ 7} Federal land bank associations and production credit associations, the merging predecessors in this case, are "federally chartered instrumentalit[ies] of the United States" under Sections 2091 and 2071, Title 12, U.S.Code.  Federal land bank associations are exempt from state taxes under Section 2098, Title 12, U.S.Code.  Production credit associations, however, are not exempt from state taxes; according to Section 2077, Title 12, U.S.Code, only their notes, debentures, and other obligations are exempt.  Thus, federal land bank associations were exempt from Ohio's franchise tax during the disputed tax years; production credit associations were not.

{¶ 8} In Section 2279c-1, Title 12, U.S.Code, Congress authorized federal land bank associations and production credit associations within the same district to merge if approved, *inter alia*, by the Farm Credit Administration Board, a federal agency.  Under this statute, the merged association possesses all powers and succeeds to all obligations of the merging associations.  Finally, division (b)(2) of the statute empowers the Farm Credit Administration to "issue regulations that establish the manner in which the powers and obligations of the associations that form the merged association are consolidated and, to the extent necessary, reconciled in the merged association."

{¶ 9} These statutes do not declare the merged association to be a federal instrumentality, and they do not provide immunity or exemption from state taxation to the merged association.  Nevertheless, the Farm Credit Administration calls these merged associations "agricultural credit association[s]" and issued a charter to Farm Credit Services naming it a "Federally chartered instrumentality."  Farm Credit Services relies on this charter to claim exemption from franchise tax.  But the commissioner argues that the Farm Credit Administration cannot immunize an

agricultural credit association from state taxation by calling it, without congressional authority, a federally chartered instrumentality.

{¶ 10} Congress has exempted federal land banks from Ohio's franchise tax but has not exempted production credit associations. We have, however, neither of these entities before us; we have an agricultural credit association ("ACA"), the product of the merger of several federal land banks and a production credit association. Congress has not expressed an immunity from taxation for an ACA. Under *CoBank*, therefore, we must decide whether Farm Credit Services has an implied immunity from the franchise tax.

{¶ 11} We discussed implied immunity under the Supremacy Clause in *NLO, Inc.*:

"In *United States v. New Mexico, supra*, [1982], 455 U.S. [720] at 735, 102 S.Ct. [1373] at 1383, 71 L.Ed.2d [580] at 592, the court concluded that a state cannot levy a tax 'on the United States itself, or on an agency or instrumentality so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned.' " 66 Ohio St.3d at 394, 613 N.E.2d at 197.

{¶ 12} In *New Mexico,* the United States Supreme Court reviewed the "much litigated and often confused field" of Supremacy Clause rulings. *United States v. Detroit* (1958), 355 U.S. 466, 473, 78 S.Ct. 474, 478, 2 L.Ed.2d 424, 429. According to the *New Mexico* court, the language quoted in *NLO, Inc.* sets forth the latitude each form of government needs in maintaining sovereignty. A private taxpayer, moreover, must stand in the shoes of the federal government to be immune. Quoting from *United States v. Detroit*, the *New Mexico* court explained that the language "[c]omports with the principal purpose of the immunity doctrine, that of forestalling 'clashing sovereignty,' *McCulloch v. Maryland* [1819], 4 Wheat. [316], at 430, 4 L.Ed. 579, by preventing the States from laying demands directly on the Federal Government. * * * At the same time, a narrow approach to

governmental tax immunity accords with competing constitutional imperatives, by giving full range to each sovereign's taxing authority. * * *"

{¶ 13} "Thus, a finding of constitutional tax immunity requires something more than the invocation of traditional agency notions: to resist the State's taxing power, a private taxpayer must actually 'stand in the Government's shoes.' " 455 U.S. at 735-736, 102 S.Ct. at 1383, 71 L.Ed.2d at 592-593.

{¶ 14} We conclude that Farm Credit Services, as an ACA, is a privately owned business benefiting private interests. Private shareholders own the association, and private borrowers benefit from the loans that the association distributes. Farm Credit Services is a commercial enterprise that performs no governmental duty. It does not stand in the federal government's shoes and, thus, is not "so closely connected to the Government that the two cannot realistically be viewed as separate entities, at least insofar as the activity being taxed is concerned." *Id.* at 735, 102 S.Ct. at 1383, 71 L.Ed.2d at 592. Ohio can, consequently, impose the franchise tax on it.

{¶ 15} We also dismiss Farm Credit Services' argument that language in the statute, asserting that merged associations possess all powers and assume all obligations of the merging associations, passes tax immunity to the successor association. According to normal usage, "powers" refers to the activities and actions the predecessor entities may undertake, and "obligations" refers to the debts, contractually and otherwise acquired duties that the predecessor entities have undertaken. Black's Law Dictionary (7 Ed.Rev.1999) 1189-1190, 1102-1103.

{¶ 16} Taxation is the rule, exemption the exception. *Vought Industries, Inc. v. Tracy* (1995), 72 Ohio St.3d 261, 264, 648 N.E.2d 1364, 1366. As Justice Thomas, writing for the majority, observed in *CoBank*, Congress knows how to exempt federal instrumentalities from taxation. 531 U.S. at ___, 121 S.Ct. at 946, 148 L.Ed.2d at 837. If Congress does not explicitly do so, the Supremacy Clause

does not supply an implicit exemption to a privately owned entity that lends funds to private individuals.

{¶ 17} Accordingly, we agree with the commissioner's denial of the request for refunds and affirm the BTA's decision.

*Decision affirmed.*

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

_____

*McDermott, Will & Emery*, *John A. Biek, Richard A. Hanson* and *Theodore R. Bots*, for appellant and cross-appellee.

*Betty D. Montgomery,* Attorney General, and *Robert C. Maier*, Assistant Attorney General, for appellee and cross-appellant.

_____