No. 84,404

IN THE MATTER OF THE APPEAL OF FARM CREDIT SERVICES OF CENTRAL KANSAS, *et al.*, FROM AN ORDER OF THE DIVISION OF TAXATION ON DENIAL OF REFUND OF CORPORATE INCOME TAX.

(26 P.3d 695)

Opinion filed July 13, 2001.

*John Michael Hale*, of Kansas Department of Revenue, was on the brief for appellant.

*Eric S. Namee*, of Hinkle Elkouri Law Firm L.L.C., of Wichita, was on the brief for appellee Farm Credit Services of Central Kansas.

The opinion of the court was delivered by

LOCKETT, J.: The Kansas Department of Revenue (KDR) appeals the order of the Kansas Board of Tax Appeals (BOTA) that Farm Credit Services of Central Kansas (Production Credit Associations), entities chartered, organized, and operated pursuant to federal law, are not subject to the Kansas Income Tax Act, K.S.A. 79-3201 *et seq.*

Most of the pertinent facts are included in the parties' joint stipulations of facts. The farm credit system, established by the United States Congress in 1916, is a system of farmer-owned cooperative lending institutions divided into farm credit districts. The system is comprised of farm credit institutions, federal land bank associations, banks for cooperatives, production credit associations, and other institutions. Within each farm credit district there is one farm credit bank. The farm credit bank provides financial, supervisory, and technical support to the farm credit institutions within each district. The farm credit banks make credit available to qualified agricultural borrowers located within the district. Farm credit banks are also authorized to make real estate loans directly to qualified individual agricultural borrowers where no federal land bank

association has been chartered in the territory in which the real estate is located. All territories served by the Farm Credit Bank of Wichita have a federal land bank; therefore, pursuant to 12 U.S.C. § 2021(b) (1994), the Farm Credit Bank of Wichita is precluded from making loans directly to farmers or ranchers.

The farm credit institutions were created to implement the congressional policy objective of providing a reliable source of credit to farmers and other borrowers in the agricultural industry. 12 U.S.C. § 2001 (1994). Congress has declared each of the farm credit institutions to be federally chartered instrumentalities of the United States. 12 U.S.C. § 2011 (1994) (federal land banks); 12 U.S.C. § 2071 (1994) (production credit associations); 12 U.S.C. § 2091 (1994) (federal land bank associations); 12 U.S.C. § 2121 (1994) (banks for cooperatives).

Farm credit banks were formed as the result of the merger of federal intermediate credit banks and federal land banks. Farm credit banks are primarily engaged in making long-term real estate mortgage loans in rural areas, loans to agricultural producers, and loans to production credit associations. 12 U.S.C. § 2015 (1994).

Farm credit associations may be organized by 10 or more farmers, ranchers, or producers/harvesters of aquatic products desiring to borrow funds from a farm credit bank. 12 U.S.C. § 2071(b). Farm credit associations are statutorily limited to making short-and intermediate-term loans to farmers, ranchers, and producers/harvesters of aquatic products, rural residents for housing financing, and persons furnishing on-farm operating services to farmers and ranchers. 12 U.S.C. § 2075(a) (1994). Farm credit associations operate on a cooperative basis and are capitalized by their borrower-shareholders. 12 C.F.R. § 615.5220 (2001); 12 C.F.R. § 615.5230 (2001). Farm credit associations were initially capitalized and owned by the United States government. However, all of the stock owned by the United States in the Production Credit Associations has been redeemed. The United States may own stock in other production credit associations.

The voting stock of a farm credit association may only be held by borrowers who are farmers, ranchers, producers/harvesters of aquatic products, and other farm credit institutions. 12 U.S.C. §

2154a(c) (1994). The Farm Credit Bank of Wichita owns stock in each of the plaintiff Production Credit Associations.

Farm credit associations are statutorily required to apply their net income, first, to the restoration of the impairment of capital, second, to the establishment and maintenance of surplus accounts, and, third, to distributions, subject to the general direction of the Farm Credit Administration, in stock, participation certificates, or cash. 12 U.S.C. § 2074(b) and (c) (1994).

Production credit associations do not receive funds directly from the United States to pay state taxes. Some production credit associations may receive financial assistance from the Financial Assistance Corporation, a corporation created by the Farm Credit Administration for the purpose of providing capital to financially troubled institutions of the Farm Credit System. 12 U.S.C. § 2278b (1994); 12 U.S.C. § 2278b-1 (1994). None of the plaintiff Farm Credit Associations have received assistance from the Financial Assistance Corporation.

Subject to supervision by the Farm Credit Bank for the district in which each production credit association is located and regulation by the Farm Credit Administration, each production credit association possesses the corporate powers enumerated in 12 U.S.C. § 2073 (1994).

Each of the taxpayers represented is a member institution of the Farm Credit System and, pursuant to 12 U.S.C. § 2071(a), is declared to be a federally chartered instrument of the United States. Each taxpayer provides short- and intermediate-term loans to farmers, ranchers, and producers/harvesters of aquatic product within its prescribed area of operation and is subject to regulation by the Farm Credit Administration. Each taxpayer is and has been throughout its existence a member in good standing of the Farm Credit System, operating within the parameters of applicable federal law.

Acting pursuant to the Kansas Income Tax Act, the KDR imposed income tax on the operation and earnings of each of the taxpayer Production Credit Associations and intended to do so in future tax years. Each taxpayer has previously filed amended state income tax returns for 1 or more tax years ending December 31,

1991, through December 31, 1995, and has requested a refund of taxes paid for such years from KDR. The taxpayers protested the denial of their claim for refund to the Director of Taxation for the State of Kansas. On October 25, 1999, BOTA issued an order that Production Credit Associations are not subject to the Kansas Income Tax Act. KDR appealed to the Court of Appeals, and the case was transferred to this court pursuant to K.S.A. 20-3018(c).

KDR contends in its brief that the taxpayer Production Credit Associations are not immune from state taxation as a federal entity because the associations are essentially privately owned entities benefitting private owners, federal law has not preempted state taxation of the credit associations, and rules of statutory construction militate against implying state tax immunity for credit associations.

The Production Credit Associations contend that because they are created pursuant to federal statute and exist as federally chartered instrumentalities of the United States, they perform a federal government function and are, therefore, implicitly immune from state taxation. They also contend in their brief that they are immune from state taxation because Congress has not expressly authorized the states to tax the income of production credit associations.

Prior to oral argument before this court, the parties agreed in supplemental authority filed pursuant to Supreme Court Rule 6.09(b) (2000 Kan. Ct. R. Annot. 41) that the recent United States Supreme Court case of *Director of Revenue v. CoBank, ACB*, 531 U.S. 316, 148 L. Ed. 2d 830, 121 S. Ct. 941 (2001), is controlling and resolves the issues presented in this appeal. In light of this authority, both parties respectfully requested that this court reverse BOTA and vacate BOTA's order.

In *CoBank*, the United States Supreme Court held that banks for cooperatives are subject to state income taxation. 531 U.S. at 322. The Supreme Court noted that the Farm Credit Act of 1933 subjected such banks to state taxation, except when the United States held stock in the banks. It concluded that as soon as governmental investment in the banks was repaid, as it was by 1968, the banks had to pay state income taxes because the federal ex-

emption from state taxation no longer applied. The various amendments to the Act, which discontinued the government's authority to own stock in banks for cooperatives, did not change the taxation of banks for cooperatives. 531 U.S. at 322-23. Furthermore, the Farm Credit Act confirms that banks for cooperatives are subject to state taxation. With respect to each lending institution in the Farm Credit System, the Act contains a taxation provision that specifically delineates that entity's tax exemptions. Had Congress intended to confer upon them the more comprehensive exemption it provided for other types of institutions, it would have done so expressly. In light of the structure of the Farm Credit Act and the explicit grant of immunity to other institutions within the farm credit system, Congress' silence with respect to banks for cooperatives indicates that banks for cooperatives are subject to state taxation. 531 U.S. at 324-25.

The facts and statutes at issue in this case are similar to those at issue in *CoBank ACB*. We find that *CoBank* is controlling and reverse BOTA's order that Production Credit Associations are not subject to Kansas income tax.

Reversed.