THE DUPPS COMPANY, APPELLEE, *v.* LINDLEY, TAX COMMR., APPELLANT.

[Cite as Dupps Co. v. Lindley (1980), 62 Ohio St. 2d 305.]

(No. 79-1223—Decided June 11, 1980.)

306

*Coolidge, Wall, Matusoff, Womsley & Lombard Co., L.P.A.,* and *Mr. Merle F. Wilberding,* for appellee.

*Mr. William J. Brown,* attorney general, and *Mr. Charles M. Steines,* for appellant.

SWEENEY, J. The sole issue presented herein concerns the proper interpretation of R. C. 5733.05(B)(2)(c), which provides, in pertinent part:

"***[I] To the extent that the value of business done in this state is measured by sales of tangible personal property, it shall, for the purpose of this section and of section 5733.03 of the Revised Code, mean sales where such property is received in this state by the purchaser. [II] In the case of delivery of tangible personal property by common carrier or by other means of transportation, the place at which such property is ultimately received after all transportation has been completed shall be considered as the place at which such property is received by the purchaser. [III A] Direct delivery in this state, other than for purposes of transportation, to a person or firm designated by a purchaser constitutes delivery to the purchaser in this state and [III B] direct delivery outside this state to a person or firm designated by a purchaser does not constitute delivery to the purchaser in this state, regardless of where title passes or other conditions of sale." (Bracketed material added.)

Appellant asserts that, under part I above, the equipment is deemed "received in this state by the purchaser" when it is picked up at the Germantown factory. Therefore, the customer pick-ups constitute Ohio sales. The Board of Tax Appeals accepted this construction of the statute. It held that the situs of the instant sales could be determined by viewing part I alone; thus, the other parts need not be considered.

However, as the Court of Appeals correctly noted, by isolating part I, the board failed to consider the statute as a whole. As this court observed in *Humphrys* v. *Winous Co.* (1956), 165 Ohio St. 45, 49, "***a construction should be adopted which permits the statute and its various parts to be construed as a whole***." Additionally, R. C. 1.47 provides that "[i]n enacting a statute, it is presumed that:***(B) [t]he entire statute is intended to be effective"; and R. C. 1.42 mandates, in part, that "[w]ords and phrases shall be read in context***."

When the other parts of R. C. 5733.05(B)(2)(c) are considered, it is apparent that appellant's interpretation cannot be sustained. This identical section was previously analyzed by this court in *House of Seagram* v. *Porterfield* (1971), 27 Ohio St. 2d 97, 100, as follows:

"By the terms of part (I) of the statute all sales 'where such property is received in this state by the purchaser' are to be included in the tax computation. Part (II) defines specifically when property is considered to be 'received' in this state. Is Ohio 'the place at which such property is ultimately received after all transportation has been completed?' If it is, then such is property 'received in this state by the purchaser' within the meaning of Part (I)."

Under part II the situs of the sale is not determined until *all* transportation is completed. Nowhere can it be inferred that the General Assembly intended to exclude transportation furnished by the purchaser. Furthermore, this court can conceive of no reason to distinguish such sales on the basis of the identity of the shipper.

Therefore, we adopt the holding of the Court of Appeals that "a customer pick-up constitutes 'other transportation' within the meaning of the second paragraph of Section 5733.05(B)(2)(c), Revised Code, and that the phrase 'after all

transportation is completed' means just what it says, including those cases in which the out-of-state purchaser furnishes its own transportation."

Since the equipment herein was "ultimately received" outside of Ohio, such sales should not have been included in the sales factor as business done in this state. Therefore, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., HERBERT, W. BROWN, HOFSTETTER and HOLMES, JJ., concur.

P. BROWN, J., dissents.

HOFSTETTER, J., of the Eleventh Appellate District, sitting for LOCHER, J.