**Paul F. and Janet R. LINDEMANN, Petitioners,**

**v.**

**J. Barry WOOD, Assessor of Washington Township, Marion County, Respondent.**

No. 49T10–0204–TA–39.

Tax Court of Indiana.

Dec. 8, 2003.

Paul F. Lindemann, Krieg DeVault LLP, Indianapolis, IN, Attorney for Petitioners.

Steve Carter, Attorney General of Indiana, Linda I. Villegas, Deputy Attorney General, Indianapolis, IN, Attorneys for Respondent.

FISHER, J.

The Petitioners, Paul F. and Janet R. Lindemann (Lindemanns), appeal the Indiana Board of Tax Review's (Indiana Board) final determination valuing their real property for the 2000 tax year. Though the Lindemanns raise multiple issues on appeal, the dispositive issue in this case is whether the Washington Township Assessor is estopped from raising the grade of the Lindemanns' property under the principles of res judicata.

For the reasons stated below, the Court REVERSES and REMANDS the final determination of the Indiana Board.

## FACTS AND PROCEDURAL HISTORY

The Lindemanns own a house in Marion County, Indiana. For the 1995 general reassessment, the Washington Township Assessor (Assessor) assigned the Lindemanns' home a grade factor of B+2. On January 3, 1996, the Lindemanns filed a Form 130 Petition for Review of Assessment (Form 130) with the Marion County Board of Review (BOR) alleging that the B+2 grade factor assigned to their property was too high. On October 25, 1996, the BOR denied the Lindemanns' appeal. The Lindemanns appealed the BOR's denial to the State Board of Tax Commissioners (State Board). While the appeal was pending with the State Board, the BOR issued a second determination in which it reduced the grade factor of the Lindemanns' home to B–1.

On December 15, 2000, nearly three years after their original appeal, the Assessor sent the Lindemanns a Form 11

Notice of Assessment (Form 11) indicating that the grade of their house had been raised from B–1 to B + 2 for the 2000 tax year. The Form 11 explained that the increase was based on a comparison of grades with other homes in the Lindemanns' neighborhood.[1]

The Lindemanns appealed their assessment to the Marion County Property Tax Assessment Board of Appeals (PTABOA). The PTABOA affirmed the B + 2 grade increase.

On May 14, 2001, the Lindemanns appealed to the State Board. The State Board held a hearing on August 8, 2001. On March 15, 2002, the Indiana Board[2] issued a final determination, affirming the PTABOA's decision.

The Lindemanns initiated an original tax appeal on April 15, 2002, arguing that based on their successful 1996 appeal, the Assessor cannot raise their grade again.[3] This Court heard the parties' oral arguments on June 30, 2003. Additional facts will be supplied as necessary.

## ANALYSIS AND OPINION

### Standard of Review

■ This Court gives great deference to final determinations of the Indiana Board when it acts within the scope of its authority. *Miller Vill. Prop. Co., LLP v. Indiana Bd. of Tax Review,* 779 N.E.2d 986, 988 (Ind. Tax Ct.2002), *review denied.* Consequently, the Court may reverse a final determination of the Indiana Board only if it is:

(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law;

(2) contrary to constitutional right, power, privilege, or immunity;

(3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory jurisdiction, authority, or limitations;

(4) without observance of procedure required by law; or

(5) unsupported by substantial or reliable evidence.

IND.CODE § 33–3–5–14.8(e)(1)–(5) (West Supp.2003).

## Discussion

■ The Lindemanns argue that given their successful appeal before the BOR in 1996, the Assessor is now estopped, under the principles of res judicata, from raising their grade to B + 2 before the next gener-

---

1. The Form 11 notice merely stated that "[the Assessor] changed [the] grade in accordance with rest of nbhd (sic)." (Cert. Admin. R. at 73.) No additional explanation was provided.

2. The State Board of Tax Commissioners was abolished by the legislature as of December 31, 2001. 2001 Ind. Acts 198 § 119(b)(2). In its stead, the Indiana Board of Tax Review (Indiana Board) was created. IND.CODE § 6–1.5–1–3 (West Supp.2003) (eff. 1–1–02); 2001 Ind. Acts 198 § 95. Consequently, when a final determination was issued on the Lindemanns' appeal, it was issued by the Indiana Board.

3. The Lindemanns initially moved for summary judgment on the basis that the grade increase was arbitrary and capricious because the Assessor did not inspect the interior of their house prior to the change. The Court denied that motion. *See Paul F. and Janet R. Lindemann v. J. Barry Wood, Assessor of Washington Twp., Marion Co.,* No. 49T10–0204–TA–39, 780 N.E.2d 1 (Ind. Tax Ct. Dec. 12, 2002) (order denying motion for summary judgment).

al reassessment[4] absent a change in circumstances. The Court agrees.

■ Res judicata, or "collateral estoppel," is applicable when an issue has been adjudicated but arises again in a separate, subsequent suit between the same parties. *Glass Wholesalers, Inc. v. State Bd. of Tax Comm'rs,* 568 N.E.2d 1116, 1123 (Ind. Tax Ct.1991)(citing *Watson Rural Water Co. v. Indiana Cities Water Corp.,* 540 N.E.2d 131, 135 (Ind.Ct.App.1989)). Principles of res judicata can be applied to certain administrative proceedings. *See South Bend Fed'n of Teachers v. Nat'l Educ. Ass'n of South Bend,* 180 Ind.App. 299, 389 N.E.2d 23, 33–34 (1979). To determine whether an administrative decision should bar or estop a subsequent cause of action, the following factors should be considered:

(1) the issues sought to be estopped are within the statutory jurisdiction of the agency;

(2) the agency acts in a judicial capacity;

(3) both parties have a fair opportunity to litigate the issues; and

(4) the decision of the administrative tribunal could be appealed to a judicial tribunal.

*Glass Wholesalers,* 568 N.E.2d at 1123–24 (internal citation omitted).

■ With respect to the Lindemanns' initial appeal to the BOR in 1996, these factors have been met. Indeed, the BOR possessed the statutory jurisdiction to hear the Lindemanns' appeal. *See* IND.CODE § 6–1.1–15–1(a).[5] The BOR acted in a judicial capacity by providing notice to the parties, taking evidence and testimony, and rendering a decision. *See* IND.CODE § 6–1.1–15–1(g), (i), (j). Both the Lindemanns and the Assessor had the opportunity to present evidence to the BOR and either could have appealed the 1996 decision to the State Board, and ultimately, this Court. *See* IND.CODE § 6–1.1–15–1(g)(1), (2); IND.CODE § 6–1.1–15–3(a), (b), IND.CODE § 33–3–5–2. Thus, the BOR's 1996 determination of a B–1 grade bars any subsequent litigation on the same cause of action by the same parties until the next general reassessment, absent any changed circumstances.[6]

■ The principles of res judicata hold that:

Absent a change in conditions or circumstances, [an administrative body] should

---

**4.** All real property in Indiana is assessed during a general reassessment. IND.CODE § 6–1.1–4–4(a). Property values assigned in the general reassessment are carried forward from year to year until the next general reassessment. *See Wetzel Enters., Inc. v. State Bd. of Tax Comm'rs,* 694 N.E.2d 1259, 1260, fn. 3 (Ind. Tax Ct.1998). Nevertheless, assessing officials may assess or reassess real property between general reassessments provided a taxpayer is given sufficient notice and opportunity to rebut any proposed changes. *See* IND.CODE § 6–1.1–4–22; *see also* IND.CODE § 6–1.1–4–30. Interim assessments are made to reflect changes to the property that may increase or decrease the assessment value. *See* IND.CODE § 6–1.1–4–25.

**5.** The legislature transferred the authority and duties of the local Boards of Review (BOR) to their "successors," the local Property Tax Assessment Board(s) of Appeal. *See* IND.CODE § 6–1.1–13–1. Therefore, any decision meeting the above criteria taken by a BOR previously, or a PTABOA currently, could have a binding res judicata effect.

**6.** The holding in this case does not conflict with the principle that "each tax year stands alone, to be assessed separately." *See, e.g., Glass Wholesalers, Inc. v. State Bd. of Tax Comm'rs,* 568 N.E.2d 1116, 1124 (Ind. Tax Ct.1991). As stated previously, a real property assessment valuation "rolls" from year to year unless there is a change to the property justifying an interim reassessment. *See* footnote 4, *supra.* The record in this case does not indicate any change to the property between 1996 and 2000. Rather, the interim grade increase was a based on factors unrelated to the Lindemanns' improvement—the grade assignments on other homes in their

not indiscriminately or repeatedly consider the same evidence and announce a contrary finding. [Res judicata] seek[s] to guard parties against vexatious and repetitious litigation of issues which have been determined in a judicial or quasi-judicial proceeding.

*Shortridge v. Review Bd. of Indiana Employment Sec. Div.*, 498 N.E.2d 82, 90 (Ind.Ct.App.1986). In this case, the Assessor has ignored the previous decision of a reviewing authority, thereby forcing the Lindemanns to return to the administrative appeals process to reargue the petition they successfully presented three years previous. Repetitious proceedings such as this are unacceptable.

Absent a change of circumstances in the Lindemanns' improvement that warrants a grade increase, the 1996 B–1 grade determination should remain effective until the next general reassessment.

## CONCLUSION

For the foregoing reasons, the Indiana Board's final determination is RE-VERSED and REMANDED to instruct the local assessing officials to reinstate the B–1 grade until there is either a change in the subject property's circumstances or a general reassessment.

neighborhood. (*See* Oral Argument Tr. at 3);   (*See also* Cert. Admin. R. at 73.)