ATTORNEYS FOR APPELLANT
Stephen H. Paul
Brent A. Auberry
Indianapolis, Indiana

ATTORNEY FOR AMICUS CURIAE
MULTISTATE TAX COMMISSION
Roxanne Bland
Shirley Sicilian
Washington, D.C.

ATTORNEYS FOR APPELLEE
Gregory F. Zoeller
Attorney General of Indiana

Andrew W. Swain
John D. Snethen
Jessica Reagan
Deputy Attorneys General
Indianapolis, Indiana

FILED
Mar 13 2009, 3:13 pm
CLERK
of the supreme court,
court of appeals and
tax court

## In the
## Indiana Supreme Court



No. 49S00-0711-TA-553

MILLER BREWING CO.,

*Appellant (Petitioner below),*

v.

INDIANA DEPARTMENT OF STATE
REVENUE,

*Appellee (Respondent below).*

Appeal from the Indiana Tax Court, No. 49T10-0607-TA-69
The Honorable Thomas G. Fisher, Judge

On Petition for Review of Interlocutory Order

**March 13, 2009**

**Shepard, Chief Justice.**

The Tax Court ruled in an earlier case addressing the share of Miller Brewing Company's income that is taxable by Indiana. In this case the Tax Court held that its previous ruling did not bar the Department of Revenue from raising new contentions in support of a different method of allocation of income to the state. We affirm.

## Facts and Procedural History

Miller Brewing Company produces malt beverage products that are sold to customers located in Indiana. Miller is headquartered in Milwaukee, Wisconsin, and its Trenton, Ohio, brewery produces most of the products sold to Indiana customers. This case concerns the percentage of Miller's nationwide income that is subject to Indiana income tax in 1997, 1998, and 1999. Indiana taxes a portion of the income of corporations doing business in this state, measured by the percentage of sales allocated to Indiana.[1] Specifically, the issue is whether sales to Indiana customers are allocated to Indiana if the customer arranged for a common carrier to pick up the product at Miller's facility in another state. Miller Brewing Co. v. Ind. Dep't of State Revenue (Miller I), 831 N.E.2d 859 (Ind. Tax Ct. 2005), addressed this issue as to 1994-1996. Miller contends that the ruling of the Tax Court in Miller I resolved this issue in Miller's favor and binds the Department under the doctrine of issue preclusion.

In its 1994, 1995, and 1996 Indiana tax returns, Miller reported all sales to Indiana customers as Indiana sales irrespective of the means of delivery to the customer. Miller requested a refund for income based on sales in which the customer picked up the product outside Indiana and also if the customer arranged for a carrier. The Indiana Department of Revenue granted the refund as to customer-pickup sales but denied it as to carrier-pickup sales. Miller appealed, and the Tax Court held that sales to customers who arranged transportation to Indiana by common carrier did not constitute Indiana sales for the purpose of allocation of income to this state. Miller was therefore entitled to a refund of the taxes paid as a result of treating these sales as allocable to Indiana. Id. at 863. Review by this Court was denied. 855 N.E.2d 998 (Ind. 2006) (table).

In 2001, the Department completed an audit of Miller's 1997, 1998, and 1999 returns and issued proposed assessments for all three years based on including in the sales factor all sales shipped by common carrier to customers in Indiana. Miller filed a protest, and after a hearing

---

[1] Indiana imposes an adjusted gross income tax and a supplemental net income tax on income "derived from" this state by corporations doing business in Indiana and elsewhere. At all times relevant to this case, income was allocated to Indiana on the basis of a three-factor formula, giving equal weight to the percentage of the corporation's payroll, property, and sales attributed to this state. Ind. Code § 6-3-2-2(b) (1998). Effective January 1, 2007, Indiana began a phased shift from the three-factor approach to allocation of income solely on the basis of sales. See 2006 Ind. Acts 3262-3269, P.L. 162-2006 § 25.

2

the Department issued a Letter of Findings denying Miller's request for a refund on the ground that Indiana's sales factor was based on a "destination rule," which allowed Indiana to treat sales of products picked up by common carriers for delivery to Indiana as sales derived from this state.

Miller appealed to the Tax Court, arguing that issue preclusion barred the Department from denying a refund for customer-arranged carrier-pickup sales and moved for summary judgment on that ground. The Department responded with a cross motion for summary judgment on the merits. The Tax Court granted Miller's request to stay proceedings on the Department's motion, and this case proceeded solely on the question of issue preclusion. In an unpublished opinion, the Tax Court denied Miller's motion for summary judgment, holding that "while issue preclusion may be appropriate in certain property tax cases, it is generally not applicable in revenue cases." Miller Brewing Co. v. Ind. Dep't of State Revenue, 867 N.E.2d 713 (table), 2007 WL 1667128, *3 (Ind. Tax Ct. June 8, 2007). The Tax Court certified its order for interlocutory appeal, and we granted review.

In Miller I both parties cited the same regulation, 45 Ind. Admin. Code 3.1-1-53 (2004), which provides that "[g]ross receipts from the sales of tangible personal property . . . are in this state: (a) if the property is delivered or shipped to a purchaser within this state regardless of the F.O.B. point of other conditions of sales." The regulation offers several explanatory examples, two of which are relevant here. Under example (1), "[p]roperty shall be deemed to be delivered or shipped to a purchaser within this state if the recipient is located in this state, even though the property is ordered from outside this state." Example (7) reads: "[s]ales are not 'in this state' if the purchaser picks up the goods at an out-of-state location and brings them back into Indiana in his own conveyance." The Department reasoned that under example (1), if the customer was located in Indiana, the sale was in this state. Miller I, 831 N.E.2d at 861. But the Tax Court found that example (7) was controlling, reasoning that goods picked up by the customer-arranged carrier were picked up by customers and therefore not derived from this state. Id. at 862-63. This regulation and the accompanying examples remain in place.

Miller claims that issue preclusion applies in tax cases in general, and in this case in particular because: (1) the issue was decided in the prior case; (2) the issue was adjudicated to a final judgment; (3) the parties are the same; (4) the facts and the law are the same; and (5) "the

3

purposes supporting issue preclusion apply." (Appellant's Br. at 6.) The Department responds first that issue preclusion does not apply in different tax years. (Appellee's Br. at 16-28.) The Department also raises issues not presented in <u>Miller I</u> and contends that issue preclusion does not bar these new considerations. Finally, the Department invites us to rule on the merits of its summary judgment motion.

## Standard of Review

The Indiana Tax Court was established to develop and apply specialized expertise in the prompt, fair, and uniform resolution of state tax cases. <u>State Bd. of Tax Comm'rs v. Indianapolis Racquet Club</u>, 743 N.E.2d 247, 249 (Ind. 2001). This Court will not set aside the Tax Court's findings or judgment with regard to issues within its expertise unless the decision is clearly erroneous. <u>Ind. Dep't of State Revenue v. Trump Ind., Inc.</u>, 814 N.E.2d 1017, 1019 (Ind. 2004); <u>see</u> Ind. Tax Court Rule 10. However, whether and how issue preclusion applies in tax cases is a pure question of law. Accordingly, this Court will review the question *de novo*. <u>City of Carmel v. Steele</u>, 865 N.E.2d 612, 616 (Ind. 2007).

## Issue Preclusion in Tax Cases

Although most jurisdictions allow preclusion in tax litigation in some circumstances[2] and the Tax Court has considered the issue, this Court has never determined whether, or to what extent, issue preclusion applies in tax cases.

---

[2] <u>See, e.g.</u>, <u>United States v. Int'l Bldg. Co.</u>, 345 U.S. 502, 505 (1953); <u>Dep't of Revenue v. Hoover, Inc.</u>, 993 So.2d 889, 897 (Ala. Civ. App. 2007); <u>State v. Baker</u>, 393 P.2d 893, 897-99 (Alaska 1964); <u>Fulton County Tax Comm'r v. Gen. Motors Corp.</u>, 507 S.E.2d 772, 778-79 (Ga. 1998); <u>Wilson v. Comm'r of Revenue</u>, No. 6918, slip op., 1999 WL 285896 (Minn. Tax Ct. May 5, 1999); <u>ASARCO, Inc. v. McNeil</u>, 750 S.W.2d 122, 128-32 (Mo. Ct. App. 1988); <u>Blair v. Taxation Div. Dir.</u>, 9 N.J. Tax 345 (N.J. Tax Ct. 1987); <u>Town of Atrisco v. Monohan</u>, 240 P.2d 216, 221 (N.M. 1952); <u>Hanson v. Or. Dep't of Revenue</u>, 653 P.2d 964 (Or. 1982); <u>Hershey's Mill Homeowner's Ass'n v. Chester County</u>, 862 A.2d 146, 150 (Pa. 1996); <u>Wyo. Dep't of Revenue v. Exxon Mobil Corp.</u>, 162 P.3d 515 (Wyo. 2007).

A. *General Preclusion Doctrine*

Several general principles of issue preclusion are relevant here. We have followed federal precedent in applying issue preclusion. See, e.g., Tofany v. NBS Imaging Sys., Inc., 616 N.E.2d 1034, 1037 (Ind. 1993); Doe v. Tobias, 715 N.E.2d 829 (Ind. 1999). In general, issue preclusion bars subsequent litigation of the same fact or issue that was necessarily adjudicated in a former suit. Tofany, 616 N.E.2d at 1037 (citing Sullivan v. Am. Cas. Co., 605 N.E.2d 134, 137 (Ind. 1992)). Issue preclusion applies only to matters actually litigated and decided, not all matters that could have been decided. Kirby v. Second Bible Missionary Church, 413 N.E.2d 330, 332 (Ind. Ct. App. 1980); Restatement (Second) of Judgments § 27 (1982). The matters decided must have been appealable in the original suit. The right to appeal is sufficient even if it is limited by the discretionary powers of the appellate court, as is the case in review of Tax Court decisions. See Restatement (Second) of Judgments, § 28 cmt. a. (1981). Issue preclusion may not apply where there are new facts or where a change in the law or legal climate would dictate a different outcome. Id. § 28 ("A rule of law declared in an action between two parties should not be binding on them for all time, especially as to claims arising after the first proceeding has been concluded, when other litigants are free to urge that the rule should be rejected"). However, generally facts available at the time of the first suit are foreclosed in a subsequent suit, as are new arguments based on the same legal theory. Id. § 27.

Issue preclusion is less favored against a government agency responsible for administering a body of law that affects the general public, such as tax law. Id. § 28, at 278; cf. Cablevision of Chi. v. Colby Cable Corp., 417 N.E.2d 348, 357 (Ind. Ct. App. 1981). Issue preclusion is more narrowly applied against government entities to prevent statements, oversights, or conduct of government officers or agents from interfering with the public's interests or the performance of governmental function. Heckler v. Cmty. Health Servs. of Crawford County, Inc., 467 U.S. 51, 60-61 (1984) (explaining that estoppel against the government is more narrowly applied because the public is harmed when the government is unable to enforce the law due to its agents' conduct); see Jean F. Rydstrom, Annotation, Modern Status of Applicability of Doctrine of Estoppel Against Federal Government and Its Agencies, 27 A.L.R. Fed. 702, §§ 2-5 (1976 & Supp. 2008). Accordingly, fairness to the private citizen is a proper consideration but may be subordinated to "the government's paramount responsibility to

represent all of the people." Id. § 6. More recently, federal courts require affirmative misconduct by the government for issue preclusion to apply. See City of New York v. Shalala, 34 F.3d 1161, 1168 (2d Cir. 1994); id. § 8.5.

B. *Preclusion in Tax Cases*

Presumably reflecting these considerations, the Tax Court has previously held that issue preclusion is not generally applicable in tax cases, but this Court did not address the issue on review of that decision. Farm Credit Servs. v. Ind. Dep't of Revenue, 705 N.E.2d 1089, 1091 (Ind. Tax Ct. 1999) ("as a general rule, issue preclusion (particularly with respect to questions of law) is not applicable to tax cases in Indiana"), rev'd on other grounds by Dep't of State Revenue v. Farm Credit Servs., 734 N.E.2d 551 (Ind. 2000). It is frequently said that issue preclusion should be "sparingly applied in tax cases" that involve different tax years, particularly in those instances "where the taxable events and transactions are by their nature fluid and subject to change from year to year." Gillespie v. C.I.R., 151 F.2d 903, 906 (10th Cir. 1945); c.f. Albert S. Mazloom III, Note, Collateral Estoppel in the Tax Court: Hudson v. Commissioner, 47 Tax Law. 827, 831 (1994). Thus, the Tax Court has stated that issue preclusion generally does not apply in tax appeals because "each assessment and each tax year stands alone." Glass Wholesalers v. Ind. Bd. of Tax Comm'rs, 568 N.E.2d 1116, 1124 (Ind. Tax Ct. 1991) (quoting Foursquare Tabernacle Church of God in Christ v. State Bd. of Tax Comm'rs, 550 N.E.2d 850, 853 (Ind. Tax Ct. 1990)).

This view has for the most part been expressed in property tax cases where the issues are typically fact sensitive. Income tax cases, on the other hand, often refer to the equitable policy of uniformity among taxpayers. See Anderson, Clayton & Co. v. United States, 562 F.2d 972, 992 (5th Cir. 1977) ("We start from the proposition that strong policy considerations favor confining narrowly the scope of collateral estoppel in tax cases. . . . perpetuation of an erroneous tax decision over a number of years would prejudice the losing party and violate the policy of tax uniformity among taxpayers."); Adolph Coors Co. v. Comm'r, 519 F.2d 1280, 1283 (10th Cir. 1975), cert. denied 423 U.S. 1087 ("The doctrine of collateral estoppel is strictly applied in tax cases"). The Tax Court identified this consideration in its denial of summary judgment in this

case, noting that, "it stands to reason that while issue preclusion may be appropriate in certain property tax cases, it is generally not applicable in revenue cases." (Appellant's App. at 15.)

Issue preclusion has nevertheless been applied against the tax collector in some cases. In Wilmington Trust Co. v. United States, 610 F.2d 703 (Ct. Cl. 1979) (a consolidated case including McMullan v. United States), the Court of Claims held that the plaintiffs were entitled to report certain timber sales as capital gains and could deduct the related expenses against ordinary income, and that the Government was not entitled to offset plaintiffs' income tax recovery by the resulting decrease in estate tax deductions for 1964-1970. The Court of Claims refused to address these issues in a subsequent suit regarding 1972, finding that they had already been litigated and actually decided, there had been no change in the facts or the governing law, and there was no other principle of equity that foreclosed the application of issue preclusion. McMullan v. United States, 686 F.2d 915, 917, 919-20 (Ct. Cl. 1982). In Lindemann v. Wood, 799 N.E.2d 1230, 1231 (Ind. Tax Ct. 2003), the County Board denied an appeal of the local assessment of the plaintiffs' property for 1995. While the plaintiffs' appeal to the State Board of Tax Commissioners was pending, the County Board issued a revised order and lowered the assessment. Id. Nearly three years later, the assessment of the same property was raised and the County and State Boards both affirmed the raise. Id. at 1231-32. The Tax Court reversed, noting some additional considerations relevant to the preclusive effect of an administrative decision and holding that the County Board's 1996 determination barred "any subsequent litigation on the same cause of action by the same parties until the next general reassessment, absent any changed circumstances." Id. at 1233.

C. *The Department's Contentions*

1. *The Merits of this Dispute.* As a preliminary matter, we decline the Department's request to rule on the merits of this case. This interlocutory appeal is from an order resolving only issue preclusion, and we are not faced with the merits of the Department's contentions at this point. For purposes of this interlocutory appeal, we hold only that the Department's new arguments in support of its "destination rule" are not precluded by Miller I.

7

2.  *Appellate Rule 63.*  The Department argues that issue preclusion should not apply in tax cases because Indiana Appellate Rule 63(M)(4)[3] contemplates relitigation of the same facts or issues in subsequent tax cases.  (Appellee's Br. at 25.)  Specifically, the Department points out that one of this Court's considerations for granting review is that "the Tax Court has correctly followed the ruling precedent, but such precedent is erroneous or in need of clarification or modification in some specific respect."  The Department claims "it would be nearly impossible to justify this Court's review of a subsequent tax court decision" if parties were not allowed to relitigate the same facts and issues.  (Appellee's Br. at 25-26.)  This argument is inapposite. Appellate Rule 57(H)(5) provides the same consideration for granting transfer from cases heard by the Court of Appeals.  These rules generally refer to grounds for review of issues raised by parties who have not previously litigated them.  They do not refer to issue preclusion in tax cases or in general.

3.  *Changes in the Law.*  The Department also contends that issue preclusion is inappropriate because the relevant legal climate has changed in two respects since the last case. We do not agree because the changes cited postdate the tax years in issue in this case.  As noted above, a change in the legal landscape can affect the decision whether to apply issue preclusion. But Indiana did not begin moving to a single-factor allocation of income until January 1, 2007. See 2006 Ind. Acts 3262-3269, P.L. 162-2006 § 25;  Ind. Code § 6-3-2-2(b) (2008).  And Indiana rejoined the Multistate Tax Commission on July 1, 2007, after a thirty-year absence.  See 1977 Ind. Acts 467, P.L. 90-1977;  2007 Ind. Acts 2191, P.L. 145-2007 § 17.  These changes were made eight to ten years after the tax years in question.  The resolution of a case should not turn on subsequent events if for no other reason than to remove the incentive to drag out litigation in hopes of relief from some external source.  And there is nothing to suggest that these legislative changes were intended to apply retroactively.  See Izaak Walton League of Am. v. Lake County Prop. Tax Assessment Bd. of Appeals, 881 N.E.2d 737, 741 (Ind. Tax Ct. 2008) (the party seeking retroactive application of a statute must prove that the legislature unambiguously and unequivocally intended it).  The Department is not foreclosed from arguing the effect of these changes involving later tax years, but they do not inform our decision as to issue preclusion today.

---

[3] Until January 1, 2008, this rule appeared as Indiana Appellate Rule 63(I)(4).

4. *Inconsistency with Reports to Other States.* The Department also argues that the facts and issues in this case are not the same because this case involves Miller's failure to follow regulations addressing the reporting of income to different states on inconsistent bases. (Appellee's Br at 23, 29-31.) The Tax Court rejected issue preclusion principally because it concluded that "the Department has a right to pursue this litigation on a different legal theory than it pursued in <u>Miller I</u>." (Appellant's App. at 363-64.) We agree that this contention is available to be raised in this case. The Department claims that Miller failed to disclose inconsistencies between its apportionment of sales to Indiana as compared to other states. The Indiana regulations provide that the sales factor for apportionment of income must be consistent with the taxpayer's treatment of sales in "other states having apportionment statutes and regulations substantially similar to Indiana's." 45 Ind. Admin. Code 3.1-1-42, -50 (2004). Returns that are not consistent "should disclose the nature and extent of the inconsistency." <u>Id.</u> at 3.1-1-42.

The sales factor of Indiana's statutory apportionment formula tracks the language of section 16 of the Uniform Division of Income for Tax Purposes Act (UDITPA), which is incorporated into article IV, section 16 of the Multistate Tax Compact. <u>Compare</u> I.C. § 6-3-2-2(e) ("Regardless of the f.o.b. point or other conditions of the sale, sales of tangible personal property are in this state if: (1) the property is delivered or shipped to a purchaser that is within Indiana, other than the United States government") <u>with</u> Multistate Tax Compact, art. IV, § 16 (1966) ("Sales of tangible personal property are in this state if: (a) the property is delivered or shipped to a purchaser, other than the United States government, within this state regardless of the f.o.b. point or other conditions of the sale"). The Department asserts that all states that follow UDITPA construe "their statutory sales factor to require a destination rule" and that every state that "has a corporate income tax uses a destination rule." (Appellee's Br. at 38-39.) Specifically, Ohio and Wisconsin treat customer-arranged transportation as destination sales. <u>See</u> <u>Dupps Co. v. Lindley</u>, 405 N.E.2d 716 (Ohio 1980); <u>Pabst Brewing Co. v. Wis. Dep't of Revenue</u>, 387 N.W.2d 121 (Wis. 1986). The Department asserts that it is "entitled" to apportion Miller's income as the department reasonably believes is fair under Indiana Code section 6-3-2-2(l) (2004), which provides that "[i]f the allocation and apportionment provisions of this article do not fairly represent the taxpayer's income derived from sources within the state of Indiana,"

9

the "department may require" the use of any "method to effectuate an equitable allocation and apportionment of the taxpayer's income."

We agree with Miller that the Department raised this contention for the first time on appeal to the Tax Court in this case. The Department's own Letter of Findings asserts that the issue presented by Miller's claim for refund was identical to the issue in Miller I, namely "whether Indiana is entitled to tax the income taxpayer earns from 'customer-arranged-transportation' sales to Indiana." (Appellant's App. at 38.) An agency cannot generally rely on arguments and issues not presented at the administrative level. Scheid v. State Bd. of Tax Comm'rs, 560 N.E.2d 1283, 1284, 1286 (Ind. Tax Ct. 1990). However, appeals from final determinations of the Department of State Revenue, including denials of a tax refund, are to be heard *de novo* by the Tax Court. I.C. §§ 6-8.1-5-1(h) to (i), 6-8.1-9-1(d). The Tax Court was therefore bound by "neither the evidence nor the issues raised at the administrative level" and was not barred from considering this new issue. Barney v. Ind. Dep't of State Revenue, 823 N.E.2d 339, 340-41 (Ind. Tax Ct. 2005).

Miller argues that even if the issue may be raised initially with the Tax Court, in Miller I it failed to disclose inconsistencies with its reports to other states, so this circumstance is merely a new argument, not a new fact. Ordinarily a new argument is insufficient to reopen an issue of law already determined as between two parties. Restatement (Second) of Judgments § 27 cmt. c (1982). We think, however, that in tax cases that principle should be relaxed. If failure to raise an omitted argument can forever preclude the Department from relitigating a legal issue, the state is in effect barred by the omission of its agents who generally do not bind the government by a mistake of law. See Rydstrom, supra, § 8.5. We have also noted the concerns for equity in taxation and for potential competitive effects that perpetuating a legal rule for one taxpayer can produce.

5. *Equitable Considerations*. The Department argues that issue preclusion should be avoided in the interest of equity. It alleges that if sales are not allocated under the destination rule followed in other states, these sales will be included in no state's allocation of income, producing "nowhere sales" and giving Miller an advantage over competitors. (Appellee's App. at 66-67.) Although equity is of course a concern in applying issue preclusion, the Department

provides no evidence for this assertion. Specifically, the Department asserts that "Indiana breweries who make customer-arranged transportation sales to Ohio and Wisconsin will be taxed on those sales by Ohio and Wisconsin, while Miller avoids taxation on similar sales in Indiana." (Appellee's Br. at 46.) This may be the case, but there is no evidence that any Indiana brewery makes sales to those states.

For its part, Miller argues that equity favors issue preclusion because it would vindicate the purposes of issue preclusion, namely the saving of court and party resources and promoting "confidence in the judicial system by eliminating the possibility that an identical question would be decided one way in one case and a different way in a later case." (Appellant's Br. at 13.) For purposes of this interlocutory appeal, it is sufficient that the relevant equities of the interpretations of the statute and regulation were not presented in Miller I. They are therefore not precluded in this case. Insofar as these alleged inequities are urged as a basis for denying issue preclusion, they are unsupported by the record. To the extent they bear on the merits of the interpretation of the statute or regulation they remain for another day.

**Conclusion**

The Tax Court's denial of Miller's motion for summary judgment is affirmed.

Dickson, Sullivan, Boehm, and Rucker, JJ., concur.

11