**FILED**

Jun 05 2020, 10:10 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEYS FOR APPELLANTS

John D. Waller
James A. Carter
David W. Patton
Wooden McLaughlin LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEES

Andrew S. Williams
Eric M. Wilkins
Hunt Suedhoff Kalamaros, LLP
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Jason Brimner and Kelli Brimner,

*Appellants/Defendants/Counterclaim Plaintiffs,*

*v.*

Bradley Binz and Laurie Binz,

*Appellees/Plaintiffs/Counterclaim Defendants.*

June 5, 2020

Court of Appeals Case No. 19A-PL-3021

Appeal from the Allen Superior Court

The Hon. Nancy Eshcoff Boyer, Judge

Trial Court Cause No. 02D01-1804-PL-116

**Bradford, Chief Judge.**

# Case Summary

In 2014, Neil and Grace Schroeder sold two tracts of land in Allen County, one to Bradley and Laurie Binz ("Tract A") and one to Jason and Kelli Brimner ("Tract B"). The sales of the contiguous plots left Tract B landlocked, and the Binzes have never contested that the Brimners would be entitled to an ingress-egress easement of necessity from Tract B to a public roadway through Tract A. Prior to the sales, the Schroeders and Brimners executed a roadway easement instrument ("the Easement Instrument") that gave the Brimners the right to extensively landscape their ingress-egress easement. As it happened, the Easement Instrument was not recorded prior to the sales of Tract A and Tract B.

Over time, the Brimners landscaped and made other improvements to the easement, and the Binzes eventually filed suit, contending, *inter alia*, that the Easement Instrument, with its landscaping rights, was unenforceable because the Binzes had not been put on notice of it prior to purchasing Tract A. The Binzes later amended their complaint to add their title insurer and the closing agent. The Brimners countersued, alleging that the Binzes had intentionally or negligently damaged the improvements the Brimners had made to the easement, improvements that the Brimners argued they were entitled to make pursuant to the Easement Instrument. In June of 2019, all parties settled and stipulated to the dismissal of the Binzes' amended complaint with prejudice. The Brimners' counterclaim, however, was specifically excluded from the stipulation of dismissal.

[3] Meanwhile, in May of 2019, the Binzes had moved for summary judgment on the Brimners' counterclaim, alleging that they could not be liable for damage to improvements to the easement because the Easement Instrument was unenforceable. Despite the Brimners' argument that the settlement of the Binzes' amended complaint foreclosed further litigation of the enforceability of the Easement Instrument, the trial court entered summary judgment in favor of the Binzes on the basis that it was not enforceable. The Brimners contend that the trial court erred in failing to conclude that the stipulated dismissal of the Binzes' amended complaint was *res judicata* as to the Brimners' counterclaim. Because we disagree, we affirm.

## Facts and Procedural History

[4] On June 8, 2014, the Binzes and Schroeders executed a purchase agreement and seller-disclosure form for Tract A, the latter of which indicated that "there will be an easement granted prior to closing for access to [Tract B]." Appellant's App. Vol. II p. 21. On July 14, 2014, the Schroeders and Brimners executed the Easement Instrument, which granted the Brimners an ingress-egress easement from Tract B to a public roadway[1] and provided that the Brimners "shall be responsible for maintaining the easement as well as have the rights to plant and maintain trees, shrubs, plants and/or other vegetation as

---

[1] This provision is arguably superfluous, as it is not disputed that the Brimners are entitled to an easement of necessity in any event.

well as construct and maintain an entrance gate, sign, or other structure." Appellant's App. Vol. II p. 58.

[5] On July 28, 2014, a title commitment was issued for Tract A, which stated that it was subject to "legal right-of-way to Hathaway Road, and subject to all easements of record." Appellant's App. Vol. II pp. 22–23. On August 6, 2014, the Schroeders executed a warranty deed for Tract A to Bradley Binz, which stated that Tract A was "subject to all easements, covenants, conditions, and restrictions of record[.]" Appellant's App. Vol. II p. 23. On August 8, 2014, the Easement Instrument and the warranty deed for Tract A were recorded. Appellant's App. Vol. II p. 23.

[6] Over the next few years, the Brimners landscaped and made other improvements to the easement. On April 4, 2018, the Binzes filed their complaint for damages and declaratory judgment against the Brimners and Schroeders. While the Binzes have always acknowledged that the Brimners are entitled to an easement of necessity over their property, they took issue with the landscaping rights granted to the Brimners in the Easement Instrument. The Binzes alleged that the Schroeders had breached the purchase agreement and committed fraud by failing to disclose the Easement Instrument before selling them Tract A. (Appellant's App. Vol. II p. 38–41). The complaint also sought a declaratory judgment against the Brimners that the Easement Instrument was unenforceable because it had not been timely recorded. (Appellant's App. Vol. II p. 41–45). On July 30, 2018, the Binzes and Schroeders settled and filed a joint stipulation to dismiss the Schroeders. (Appellant's App. Vol. II p. 68–70).

[7] On September 6, 2018, the Brimners counter-sued the Binzes for alleged intentional or negligent removal of shrubs from and damage to drainage tile within the easement. (Appellant's App. Vol. II p. 71). On September 26, 2018, the Binzes amended their complaint to add First American Title Insurance Company (their title insurer) and Metropolitan Title of Indiana, LLC (the closing agent), as defendants. (Appellant's App. Vol. II p. 119–66). On May 17, 2019, a notice filed by Metropolitan Title indicated that the parties had settled the Binzes' amended complaint but that "[t]his Notice of Settlement does not reflect an agreement to settle the Counterclaim dispute filed by [the Brimners] against [the Binzes]." Appellant's App. Vol. II p. 236. Also on May 17, 2019, the Binzes moved for summary judgment on the Brimners' counterclaim, arguing that they could not be liable for damage to improvements in the easement because Brimners had failed to establish that the Easement Instrument was enforceable. (Appellant's App. Vol. II p. 185–234).

[8] On June 13, 2019, all parties to the Binzes' amended complaint entered a joint stipulation that provided, in full, that "[t]he parties, by counsel, hereby stipulate that the Amended Complaint filed by [the Binzes] is dismissed with prejudice." Appellant's App. Vol. II p. 238. The parties did not stipulate to any facts related to either the amended complaint or the counterclaim. On July 15, 2019, the Brimners responded to the Binzes' summary-judgment motion, asserting, *inter alia*, that the dismissal of the amended complaint with prejudice was *res judicata* as to their counterclaim and, therefore, barred relitigation of the

enforceability of the Easement Instrument, leaving only the question of damages to their improvements.

[9] On September 12, 2019, the trial court entered summary judgment in favor of the Binzes on the basis that the Easement Instrument was unenforceable. The trial court also ruled that (1) the Binzes were entitled to do whatever they wished with any trees, shrubs, signage, or vegetation in the easement and (2) the Brimners' rights were limited to a common-law easement of necessity for ingress and egress. On October 15, 2019, the Brimners moved to correct error, which motion the trial court denied in part and granted in part, clarifying only the location of the easement and that the Brimners did have the right to maintain a paved driveway and run utilities in the easement. (Appellant's App. Vol. II p. 31–33).

# Discussion and Decision

### Standard of Review

[10] The Brimners appeal from the partial denial of their motion to correct error. "The standard of appellate review of trial court rulings on motions to correct error is abuse of discretion." *Paragon Family Rest. v. Bartolini*, 799 N.E.2d 1048, 1055 (Ind. 2003). A trial court has abused its discretion when its decision is against the logic and effect of the circumstances. *Mitchell v. Stevenson*, 677 N.E.2d 551, 558–59 (Ind. Ct. App. 1997), *trans. denied*. The basis of the Brimners' argument is their contention that the trial court erred in granting summary judgment in favor of the Binzes on the Brimners' counterclaim. "When reviewing the grant of summary judgment, our standard of review is the

same as that of the trial court." *Poiry v. City of New Haven*, 113 N.E.3d 1236, 1239 (Ind. Ct. App. 2018). Summary judgment is precluded by any genuine issue of material fact, and "a fact is material if its resolution would affect the outcome of the case, and an issue is genuine if a trier of fact is required to resolve the parties' differing accounts of the truth, or if the undisputed material facts support conflicting reasonable inferences." *Hughley v. State*, 15 N.E.3d 1000, 1003 (Ind. 2014) (citation and quotation marks omitted). The moving party has the burden of making a *prima facie* showing from the designated evidentiary matter that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law. *Smith v. Delta Tau Delta, Inc.*, 9 N.E.3d 154, 160 (Ind. 2014). If the moving party satisfies this burden, then the non-moving party must show from the designated evidentiary matter the existence of a genuine issue of fact precluding summary judgment. *Id.* The court considers only the designated evidentiary matters, and all evidence and inferences are reviewed in the light most favorable to the non-moving party. *Id.*; Ind. Trial Rule 56(C).

## *Res Judicata*

[11] The Brimners argue that the trial court erred in failing to conclude that the dismissal of the Binzes' amended complaint was *res judicata* as to the question of enforceability of the Easement Instrument. The Brimners' damages counterclaim, of course, depends on the Easement Instrument being enforceable. The Binzes argue that the trial court correctly concluded that *res judicata* does not apply, allowing further litigation of the Easement Instrument's

enforceability. The doctrine of *res judicata* serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043, 1046 (Ind. Ct. App. 2011), *trans. denied*. The doctrine consists of the two components of claim preclusion and issue preclusion, *id.*, and the Brimners contend that both apply in this case.

## A. Claim Preclusion

[12] Claim preclusion applies when a final judgment on the merits has been rendered in an action, and it acts to bar a subsequent action on the same claim between the same parties. *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337, 340 (Ind. Ct. App. 2013). The Binzes argue, however, that there was no final judgment on the merits because only the amended complaint was dismissed, leaving the Brimners' counterclaim for future determination. We agree with the Binzes.

[13] Trial Rule 54(B) provides, in part, that

> A judgment as to one or more but fewer than all of the claims or parties is final when the court in writing expressly determines that there is no just reason for delay, and in writing expressly directs entry of judgment, and an appeal may be taken upon this or other issues resolved by the judgment; *but in other cases a judgment, decision or order as to less than all the claims and parties is not final.*

(Emphasis added); *see also* Ind. App. Rule 2(H)(1) ("A judgment is a final judgment if […] it disposes of all claims as to all parties[.]"). As mentioned, while the Binzes' amended complaint was dismissed by stipulation, the Brimners' counterclaim was explicitly excluded from that stipulation, leaving to

be resolved the claim that the Binzes had unlawfully damaged the improvements the Brimners made to the easement. Moreover, the trial court did not expressly make, in writing, an entry of judgment or determine that there was no just reason for delay. Consequently, there was no final judgment on the merits, a foundational requirement of claim preclusion. *See, e.g.*, *Reising v. Guardianship of Reising*, 852 N.E.2d 644, 649 (Ind. Ct. App. 2006) ("Neither order conclusively settled the entire guardianship issue permanently. Thus, the orders were not final judgments on the merits that adjudicated all the claims in this action and cannot be given preclusive effect."); *Exide Corp. v. Millwright Riggers, Inc.*, 727 N.E.2d 473, 478 (Ind. Ct. App. 2000) ("Because the circuit court's decision in Millwright's case was not final and was subject to change, the superior court correctly declined to grant preclusive effect to the circuit court's grant of summary judgment."), *trans. denied*.

## B. Issue Preclusion

The Brimners also argue that the second branch of *res judicata*, issue preclusion, prevents entry of summary judgment in favor of the Binzes.

> The second branch of the principle of res judicata is issue preclusion, also known as collateral estoppel. Issue preclusion bars the subsequent litigation of a fact or issue that was necessarily adjudicated in a former lawsuit if the same fact or issue is presented in the subsequent lawsuit. If issue preclusion applies, the former adjudication is conclusive in the subsequent action, even if the actions are based on different claims.

*Angelopoulos v. Angelopoulos*, 2 N.E.3d 688, 696 (Ind. Ct. App. 2013) (citations omitted), *trans. denied*. Issue preclusion, however, only "applies only to matters

*actually litigated and decided*, not all matters that could have been decided."
*Miller Brewing Co. v. Ind. Dep't of State Rev.*, 903 N.E.2d 64, 68 (Ind. 2009)
(emphasis added). Because the Binzes' amended complaint was dismissed by
stipulation, the issue of the enforceability of the Easement Instrument was not
actually litigated and decided. Consequently, issue preclusion does not apply to
bar its consideration as raised in the Brimners' counterclaim. *See Restatement
(Second) of Judgments* § 27 cmt. e (1982) ("An issue is not actually litigated if […]
it is the subject of a stipulation between the parties[.]"). The Brimners have
failed to establish that either branch of the doctrine of *res judicata* helps them in
this case.

[15] We affirm the judgment of the trial court.


Baker, J., and Pyle, J., concur.